[L. A. No. 4629. In Bank.—January 26, 1920.]

J. A. WIRTHMAN, Respondent, v. CHARLES ISEN-
STEIN et al., Appellants.

[1] NEGLIGENCE — IMPROPER DRIVING OF AUTOMOBILE — DEFECTIVE
BRAKES AS DEFENSE—INSTRUCTION—REQUIREMENTS OF MOTOR
VEHICLE ACT.—In an action for damages for personal injuries
received from being struck by an automobile, where the defend-
ants relied upon the defective condition of the brakes as a de-
fense to the alleged improper driving of the car, there was no
error in instructing the jury in the language of the state Motor
Vehicle Act that all motor vehicles upon public highways must
be provided at all times with adequate brakes kept in good work-
ing order.

[2] ID.—RECOVERY BY PLAINTIFF—NEGLIGENCE—PROXIMATE CAUSE OF
INJURY—INSTRUCTION.—An instruction that to entitle plaintiff
to recover the defendants must be guilty of negligence "as alleged
in the complaint" sufficiently advises the jury that such negli-
gence must be the proximate cause of the injury, where the com-
plaint charges distinct acts of negligence, and a more specific
instruction is not requested.

APPEAL from a judgment of the Superior Court of
Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellants.

Isidore B. Dockweiler, Dockweiler & Mott, Thomas A. J.
Dockweiler and Wilbur D. Finch for Respondent.

LENNON, J.—This is an action wherein plaintiff sought
and recovered a judgment for damages for personal injuries
occasioned by being struck by the automobile of defendant
Isenstein, which was at the time being operated by defend-
ant Truber. Defendants have appealed, alleging error in
the action of the trial court in giving and refusing certain
instructions.

The accident which gave rise to this proceeding occurred
when defendant Truber suddenly increased the speed of the
machine and swerved on to the left-hand side of the street.
This he did, it is claimed, to avoid a collision with another

machine which was impending because of the failure of his brakes to hold properly. Defendants' failure to keep the brakes in proper condition was not alleged in the complaint; the testimony as to the defective brakes was relied upon by defendants as an explanation of and defense to the alleged improper driving of the car.

The trial court charged the jury in the words of the state Motor Vehicle Act that "All motor vehicles upon public highways must be provided at all times with adequate brakes kept in good working order." Defendants insist that this instruction was tantamount to a charge that defendants were under an insurer's liability for the proper working of the brakes. Plaintiff suggests that even if it be so construed, the instruction was not erroneous. We express no opinion on this point, since the instruction was not, we think, susceptible of the construction placed upon it by defendants. The controlling question in the case was the negligent driving of the car, and as an element to be considered in determining the existence or absence of negligence defendant raised the question of the defective condition of the brakes. [1] It was, therefore, proper for the court to instruct the jury as to the statutory obligation imposed on defendants in regard to maintaining the brakes in good working order. It will be noted that the court did not instruct the jury that a failure to perform the duty defined was in itself negligence, or, if negligence, a ground for recovery by the plaintiff; it merely informed the jury concerning the duty of defendants in regard to the brakes in the language of the statute. The instruction was not given for the purpose of establishing plaintiff's right to recovery, but was purely incidental to the question as to whether or not, under all the circumstances, the defendants were driving the car negligently, and, in view of the evidence in the case, was properly given.

Defendants and appellants also complain because the court failed to specifically instruct the jury that, to entitle plaintiff to recover, defendants' negligence must have been the proximate cause of his injury. This contention was correctly disposed of in the opinion of Finlayson, P. J., prepared in this case in the second division of the district court of appeal for the second appellate district. We adopt that opinion, in part, as follows:

"The court carefully and accurately instructed the jury as to what is 'negligence' and 'contributory negligence'; also as to the meaning of the phrase 'proximate cause of the injury'; also that respondent cannot recover if he was guilty of contributory negligence. Having done this much, the court instructed the jurors that 'the mere happening of the accident . . . is not sufficient to entitle the plaintiff to recover, but the burden . . . is upon plaintiff to show . . . that the defendants are guilty of negligence *in some particular as alleged in the complaint.*' (The italics are ours.) The complaint charges the appellants with three distinct acts of negligence: (1) Driving their automobile at a high and excessive rate of speed; (2) driving upon the wrong side of the street; and (3) failing to give notice or warning. After alleging these acts of negligence, it is alleged that appellants 'did thereby throw plaintiff violently to the pavement . . . causing the plaintiff the injuries hereinbefore stated.' The negligence, therefore, *as alleged in the complaint,* directly contributed to the accident as the sole and proximate cause. So that the instruction to the effect that respondent cannot recover unless he shows 'that the defendants are guilty of negligence in some particular, *as alleged in the complaint,*' is the equivalent of an instruction that he cannot recover unless appellants' negligence was the proximate cause of the injury. It was within the province of the court to state the conditions which should be shown to be present to constitute the conduct of appellants, and its tortious consequences, negligence for which they would be liable. [2] And where, as here, the court instructs that, to entitle respondent to recover, appellants must be guilty of negligence 'as alleged in the complaint,' and that respondent himself must be blameless and free from any contributory negligence, it must have been made perfectly clear to the jury that a finding by them that appellants were guilty of the negligence so described, the respondent himself being blameless, would of necessity amount to a finding that such negligence was the proximate cause of the injury. (*Weaver* v. *Carter,* 28 Cal. App. 241, [152 Pac. 323].) Furthermore, the court's instructions, so far as they went, correctly stated the law, and if appellants desired a qualifying instruction to the effect that, to entitle respondent to recover, appellants' negligence must be the proximate

cause of the injury, it was incumbent upon their counsel to either ask the court to give such qualifying instruction, which it undoubtedly would have done, or have presented an instruction embodying it. Having failed to do either, appellants are in no position to complain of the instructions given. (*Weaver* v. *Carter, supra; Townsend* v. *Butterfield,* 168 Cal. 564, [143 Pac. 760]; *O'Connor* v. *United Railroads,* 168 Cal. 43, [141 Pac. 809].)"

The judgment is affirmed.

Shaw, J., Angellotti, C. J., Lawlor, J., Wilbur, J., and Olney, J., concurred.

Rehearing denied.

All the Justices concurred.