[Civ. No. 3444.  First Appellate District, Division Two.—July 29, 1920.]

## J. B. HAMILTON, Appellant, v. SAN FRANCISCO, NAPA & CALISTOGA RAILWAY (a Corporation), et al., Respondents.

[1] NEGLIGENCE—EXCESSIVE SPEED OF TRAIN—PLEADING.—Where it is alleged that a train was negligently operated at an excessive rate of speed, special facts must also be alleged to show why the high speed was negligent in the particular case.

[2] ID.—PLEADING IN GENERAL TERMS.—Negligence may be pleaded in general terms, without stating the facts constituting such negligence.

[3] ID.—COLLISION OF TRAIN WITH AUTOMOBILE—CAUSE OF ACCIDENT —RESULTANT INJURY—ACTION FOR DAMAGES—PLEADING.—In an action for damages for the death of plaintiff's wife as the result of a collision of one of defendant railway company's electric trains with an automobile in which the deceased was riding, an allegation in the complaint that the train was negligently operated in such a manner that those charged with its management did not see the automobile, which was stalled on the tracks, raises an issue of fact on the question of negligence, and where it is further alleged that "by reason of the accident, due to the negligence and carelessness of the defendants herein as aforesaid," plaintiff's wife "was struck by said train," etc., the complaint is sufficient as against general demurrer.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge. Reversed.

The facts are stated in the opinion of the court.

Hankins & Hankins, James A. Himmel and Peter L. O'Keeffe for Appellant.

John T. York for Respondent San Francisco, Napa & Calistoga Railway.

---

1. Speed of train as negligence in absence of prohibitory statute, notes, 7 Ann. Cas. 988; Ann Cas. 1914B, 602.

Right of recovery of traveler crossing in front of train as affected by speed of train, note, 21 Ann. Cas. 1174.

BRITTAIN, J.—The plaintiff appeals from a judgment entered upon an order sustaining without leave to amend a general demurrer to the second amended complaint for damages for the alleged negligence of the defendants as joint tort-feasors which resulted in the death of the plaintiff's wife. The complaint was in two counts. On January 7, 1918, at about 3 o'clock in the afternoon, Mrs. Hamilton was a passenger for hire in an automobile operated by the defendant Petit, doing business and sued herein as California Taxi Service. In taking her to her destination the machine was driven along a driveway which crossed the tracks of the electric railway operated by the other defendant. The rails of ·the track were some six inches above the roadway of the crossing. The automobile was driven on to the tracks, and, striking the raised rails, was stalled on the track. An electric train running at the speed of about thirty-five miles an hour struck the automobile and dragged it about three hundred feet. The gasoline and oil in the machine were ignited and Mrs. Hamilton was severely burned. She died as a result of her injuries. It was alleged that the automobile was negligently driven upon the track; that the track was maintained with the raised rails above the crossing in a negligent manner, and that the train was operated negligently both in regard to its speed and in approaching the crossing without sounding any whistle or bell, as well as in such a manner that those charged with its operation kept no lookout for obstructions upon the track.

Upon such an appeal this court is practically in the position of the trial court. While it is the rule that the appellant must show error, where a general demurrer has been ˙sustained without leave to amend, the brief of the respondent in support of the ruling is really an argument intended to sustain ·the demurrer. The brief of the respondent railway rests on certain propositions of law. It is contended that, because in the absence of a statute limiting the rate of speed of trains, rapidity of movement is not negligence as a matter of law. (*Larrabee* v. *Western Pacific R. Co.,* 173 Cal. 743, [161 Pac. 750].) **[1]** Where it is alleged that a train was negligently operated at an excessive rate of speed, special facts must also be alleged to show why the high speed was negligent in the particular

case. It is alleged that the injuries to Mrs. Hamilton were caused by the negligently excessive speed, coupled with the other acts alleged to have been done. [2] Negligence may be pleaded in "general terms, without stating the facts constituting such negligence." (*Stevenson* v. *Southern Pacific Co.*, 102 Cal. 147, [34 Pac. 619]; *Fisher* v. *Western Fuse Co.*, 12 Cal. App. 740, [108 Pac. 659], and cases therein cited.)

The respondent next contends that the plaintiff's wife and the defendant Petit at the time of the collision were mere licensees in the use of the driveway, and that the Railway Company could be held liable only under a showing of wanton or willful injury, under the rule that a licensee takes subject to ordinary perils. (*Means* v. *Southern California Ry. Co.*, 144 Cal. 473, [1 Ann. Cas. 206, 77 Pac. 1001].) There is nothing in the complaint from which it may be determined as a matter of law or of fact that the driveway was not a public highway, or that the plaintiff's wife was a mere licensee. It is further contended that the doctrine of last clear chance does not apply because it is not alleged that the respondent's employees saw the automobile on the tracks. There is nothing in the complaint to indicate that the plaintiff relies on the doctrine in question. [3] It is alleged that the train was negligently operated in such a manner that those charged with its management did not see the automobile. The issuable matter of fact was presented as to whether or not this allegation was true. If it should be shown on the trial, for instance, that the motorman had left his station at the front of the train for some purpose of his own, meanwhile permitting the train to run at a high rate of speed, without regard to the safety of anyone on the track or in the train, the negligence of the act could not be doubted. There may be other facts which would support a verdict based on negligence in the operation of the train at high speed without keeping such a lookout as ordinary prudence would suggest. Whether there was negligence in this respect or not can only be determined from the evidence. The allegation of negligence was sufficient to raise the issue of fact.

It is true it must be alleged that the negligence was the cause of the injury of which complaint is made. (*Smith*

v. *Buttner*, 90 Cal. 95, [27 Pac. 29].) In each count it is alleged that "by reason of the accident, due to the negligence and carelessness of the defendants herein as aforesaid, the said Isabella H. Hamilton was struck by said train," etc. As against general demurrer this allegation contains sufficient facts to support a judgment. The demurrer should have been overruled. (*Schaake* v. *Eagle Can Co.*, 135 Cal. 472, [63 Pac. 1025, 67 Pac. 759]; *Groom* v. *Bangs*, 153 Cal. 457, [96 Pac. 503]; *House* v. *Meyer*, 100 Cal. 592, [35 Pac. 308]; *Bergen* v. *Tulare Power Co.*, 173 Cal. 714, [161 Pac. 269].)

The judgment is reversed and the cause remanded for further proceedings.

Langdon, P. J., concurred.