MICHELSEN *v.* WABASH RAILWAY CO.

RAILROADS—NEGLIGENCE—IMPUTABLE NEGLIGENCE.
   In action against railroad company for negligence in leaving steel rail and ties in street, causing automobile in which plaintiff was riding to become wedged against train, injuring plaintiff, negligence of automobile driver was not imputable to plaintiff, and judgment in his favor is affirmed

Error to Washtenaw; Sample (George W.), J. Submitted April 2, 1929. (Docket No. 4, Calendar No. 34,094.) Decided June 3, 1929.

Case by Earl Michelsen, by next friend, against the Wabash Railway Company, an Indiana corporation, for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Stivers & Laird,* for plaintiff.

*Baldwin & Alexander,* for defendant.

POTTER, J. Plaintiff sued defendant for damages, alleged to have been caused by defendant's negligence, and recovered judgment of $3,000 and costs. Defendant brings error. The tracks of the Wabash railway cross those of the Ann Arbor railroad at Milan. In connection with this crossing there is a "Y" used for switching cars from one railroad to the other. The track of this "Y" crosses Allen street in Milan approximately at right angles. Plaintiff, 16 years of age, on the night of the injury, was riding, with three other young men, in a Ford coupé, west on Allen street. Approaching the railroad track they saw a train thereon across the street. The driver of the automobile turned to the left to avoid the train and follow a private road which ran to an elevator and coal yard. The alleged negligence of defendant is that it took from its roadbed a steel rail and some ties and piled them in Allen street along the edge of this private road, so that when the automobile in which plaintiff was riding turned to the left it either was astride this loose rail or between the loose rail and the railroad, and by reason thereof the automobile in which plaintiff was riding was wedged against the train and plaintiff injured. Defendant claims it was guilty of no negligence; that it is not shown it was responsible for the rail and ties being in the street; that plaintiff was guilty of contributory negligence in riding in the automo-

bile seated on the lap of another person, paying no attention to the driver who was negligent; and because one of the lights of the automobile was out, and plaintiff is charged with the negligence of the driver operating the automobile without proper lights.

There was evidence to support plaintiff's claim that defendant was responsible for the rail and ties in Allen street; that the injury to plaintiff would not have occurred but for them. There is no proof that plaintiff's riding in the automobile seated on another person's lap contributed to the injury. It was a question of fact, under the proof, whether a light on the automobile was out or not, at the time of the injury. The negligence of the driver of the automobile cannot be imputed to plaintiff. *Davis* v. *Railroad Co.,* 222 Mich. 239; *Donlin* v. *Railway Co.,* 198 Mich. 327; *Hampel.* v. *Railroad Co.,* 138 Mich. 1 (110 Am. St. Rep. 275).

We find no reversible error, and the judgment is affirmed, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.