KUCHCINSKI v. CURTIS.

MATSCHIKOWSKI v. SAME.

1. NEGLIGENCE—NOT IMPUTABLE TO MINORS—MOTOR VEHICLES.
   Negligence, if any, of driver of school bus was not imputable to minor passengers injured in collision with truck.

2. SAME—PLEADING—NOT NECESSARY TO ALLEGE DETAILS.
   In action for negligence it is not necessary to allege every detail or circumstance which contributes to the alleged negligence.

3. MOTOR VEHICLES—NEGLIGENCE—PLEADING.
   In action for injuries to children caused by collision of school bus with truck, allegation that driver of truck was negligent in failing to have it under control was broad enough to admit evidence showing that brakes of truck were defective.

4. SAME—EVIDENCE—DEFECTIVE BRAKES.

In action for personal injuries alleged to have been caused by negligence of truck driver in failing to have it under control, exclusion of evidence of defective brakes was reversible error, since said evidence was relevant and material and jury might have found it to be real cause of accident.

Error to Oakland; Covert (Frank L.), J. Submitted April 8, 1930. (Docket Nos. 2, 3, Calendar Nos. 34,452, 34,453.) Decided June 27, 1930.

Separate actions by Frank Kuchcinski and Albert Matschikowski by their next friends against Louie C. Curtis and another for personal injuries arising out of the same accident. The cases were tried as one case. Plaintiffs review judgments for defendants by error. Reversed, and new trials ordered.

*Dohany & Dohany* and *David L. Shangle,* for plaintiffs.

*Pelton & McGee,* for defendants.

NORTH, J. Plaintiffs were passengers in a school bus which was struck by defendants' loaded truck at the intersection of two streets in the city of Detroit. The school bus was going west and had nearly crossed the intersection in the regular course of travel when the truck going south struck the bus slightly in front of the right rear wheel. The impact turned the bus over on its left side and plaintiffs were injured. Upon trial by jury defendants had verdict and judgment followed. Plaintiffs review by writ of error.

It is conceded that plaintiffs were not guilty of contributory negligence, and, being minors, the negligence of the bus driver, if any, was not imputable

to them. *Michelsen* v. *Railway Co.,* 247 Mich. 383. The controlling question is whether it was proved that defendants were guilty of negligence which constituted a proximate cause of the accident. One of the defendants was the owner of the truck; the other was the driver. The latter testified he saw the school bus as it approached the intersection, and he was then driving his truck about 15 miles per hour, and the bus then more than 20 feet east of the north and south street was approaching at 10 to 12 miles per hour, and it slowed down to 4 or 5 miles per hour. Plaintiffs claim the bus came to a full stop before it proceeded across the intersecting street. The defendant driver testified he did not know whether the bus stopped; that after noting it slowed down "as if to stop for the crossing," he looked to his right, proceeded to cross, did not look to his left again, next seeing the bus immediately in front of him, and that he was going about 10 miles per hour at the time the collision occurred. The defendants were charged with negligence under both the statute and the city ordinance in operating the truck at an excessive rate of speed without having it under proper control, and without regard to the traffic on the street or the safety of the public; and particularly in violation of that portion of the city ordinance which forbids entering a street intersection at more than one-half the legal rate of speed, which is limited to 15 miles per hour in this residential district. Error is assigned as follows: (1) Exclusion of testimony as to the condition of the brakes on defendants' truck, notwithstanding there was no specific allegation of negligence relative to defective brakes; (2) the verdict was contrary to the law and against the overwhelming weight of evidence; and (3) prejudicial charge to the jury.

Competent positive testimony was given by one of plaintiffs' witnesses that the brakes on the truck were badly out of repair.  On objection and motion of defendants' counsel this testimony was stricken and the jury instructed not to consider it.  The objection was on the ground that there was no allegation of defective brakes.  Thereupon plaintiffs' attorney stated to the court:

"It is pleaded that defendant owed a duty to have his truck under control and that there was a breach of that duty.  The fact that he did not have adequate brakes would be evidence to show that he did not have his truck under control.  * * *  I put this in to show that he breached the duty of not having his car under control."

We think this testimony was relevant and material to the issues specifically called to the court's attention, and that the jury might have found from it the real cause of the collision.  It is not necessary to allege every detail or circumstance which contributes to the alleged negligence.  It is sufficient if the defendant is reasonably informed of the negligence with which he is charged, in this case with operating the truck without having it under proper control.

"Generally speaking, any evidence of conditions leading up to or surrounding an automobile accident, which will throw light on the question of whether a traveler was in the exercise of due care at the time of the accident, is admissible, in an action for injuries growing out of such accident."  2 Blashfield Cyc. of Automobile Law, p. 1660.

"An allegation that defendant negligently failed to keep his truck under control was not incomplete, as not containing an allegation as to whether the brakes and steering apparatus were not properly maintained" (syllabus).  *McMath* v. *Holekamp Lumber Co.* (Mo. App.), 259 S. W. 843.

"Where declaration charged driver with negligence both in driving at a careless and negligent rate and in failing to have automobile under perfect control, *held* that declaration was broad enough to permit plaintiff to claim that defendant's knowledge of faulty condition of brakes should be considered by the jury  *  *  *  as bearing upon standard of care required under circumstances" (syllabus). *Landry* v. *Hubert,* 100 Vt. 268 (137 Atl. 97).

"Nor will it be doubted that, in cases where, as here, the injuries complained of are charged in the complaint to have been caused by the negligence of a driver of an automobile in operating or otherwise handling his car, it is competent and proper under general allegations of negligence, or in other words, where, as here, there is no specific charge that the brakes were defective, to prove that the brakes of the car were, at the time of the mishap, in a defective condition." *Latky* v. *Wolfe,* 85 Cal. App. 332 (259 Pac. 470). Citing, *Carnahan* v. *Motor Transit Co.,* 65 Cal. App. 402 (224 Pac. 143); *Wirthman* v. *Isenstein,* 182 Cal. 108 (187 Pac. 12). See, also, *Henry* v. *Lingsweiler,* 81 Cal. App. 142 (253 Pac. 357).

Touching the sufficiency of a declaration of this type, many authorities of similar purport might be cited. For example, in *Milhouse* v. *Stroud,* 134 S. C. 17 (131 S. E. 619), and *Wise* v. *Schneider,* 205 Ala. 537 (88 South. 662), it is held competent to show drunkenness of the driver under a general allegation of negligent and reckless driving; and under similar allegations failure to have proper lights may be shown. *Mezzi* v. *Taylor,* 99 Conn. 1 (120 Atl. 871), and *Milligan* v. *Clogston,* 100 Vt. 455 (138 Atl. 739). A like holding as to the absence of skid chains will be found in *Rettlia* v. *Salomon,* 308 Mo. 673 (274 S. W. 366). For other holdings of this

type see *St. Louis B. & M. Ry. Co.* v. *Price* (Tex. Civ. App.), 244 S. W. 642; *Devine* v. *Ward Baking Co.,* 188 Ill. App. 588; and *Hamilton* v. *Railway,* 48 Cal. App. 761 (192 Pac. 323).

While the exact question presented does not seem to have been passed upon in this State, a liberal rule of pleading prevails here, and the tendency of our holdings is indicated by *Jolman* v. *Alberts,* 186 Mich. 643; *Sayre* v. *Railway Co.,* 205 Mich. 294, 312; and *Cord* v. *Pless,* 216 Mich. 33. We are constrained to hold that striking from the record testimony tending to show that the brakes on defendants' trucks were defective was prejudicial error. The other assignments raise questions not likely to recur incident to a new trial and need not be reviewed at this time. The judgments entered in the lower court are set aside, and new trials ordered. Appellants will have costs of this court.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.