[Civ. No. 7478.  First Appellate District, Division One.—July 27, 1931.]

LETITIA HOWARD, Respondent, v. NATIONAL ICE CREAM COMPANY (a Delaware Corporation) et al., Appellants.

Joseph E. Reardon, Benjamin F. Curtaz and Enid Childs for Appellants.

Leo R. Friedman for Respondent.

KNIGHT, J.—A motor-truck owned by the defendant National Ice Cream Company and driven by the defendant McCarthy collided with and overturned a Ford coupe owned and driven by plaintiff, at the intersection of Broderick and Lombard Streets in San Francisco, injuring plaintiff and Mrs. Ellen Murphy, who was riding with plaintiff at the time. Thereafter plaintiff brought this action for damages on account of the injuries she sustained and a jury awarded her a verdict for $6,000. From the judgment entered thereon defendants have taken this appeal, urging as sole ground for reversal the giving of two instructions relating to the subject of right of way at street intersections.

The accident happened about 1 o'clock in the afternoon. Plaintiff was traveling along the right-hand side of Broderick Street in a southerly direction. The truck was traveling easterly on Lombard, which intersects Broderick at right angles. There is some conflict in the testimony as to whether plaintiff, upon reaching the intersection brought the coupe to a dead stop or almost to a standstill, plaintiff and Mrs. Murphy having stated that it was brought to a stop or almost to a standstill, and the truck driver, another witness for the defendants, and a Miss Legeal, who was the third occupant of the coupe, but escaped injury, having stated that the coupe stopped at the intersection. However, after having brought it to a stop or almost to a standstill plaintiff proceeded across the intersection and reached the other side, beyond the southerly curb line of Lombard, when the coupe was struck by the truck. The force of the impact threw the coupe about twenty-five feet up a thirteen per cent grade on Broderick Street, where it overturned on its side in a reverse position pointing back toward the intersection.

The first instruction objected to (numbered XXII), which is the important one to be considered, reads as follows: "Under section 131 of the California Vehicle Act as

the same was in force on the first day of August, 1927, where a motor vehicle, traveling at a lawful rate of speed, has entered an intersection of public highways, such motor vehicle has the right of way over all other motor vehicles approaching or about to enter upon such intersection and all such other motor vehicles must yield to such vehicle so driven upon such intersection the right of way. Therefore, if you find from the evidence that the automobile driven by the plaintiff Letitia Howard had, at a lawful speed, entered upon the intersection of Broderick and Lombard streets and was proceeding over said intersection at a lawful speed and that the automobile truck driven by defendant Florence McCarthy had not as yet entered upon such intersection you must also find that the automobile driven by Letitia Howard had the right of way over said intersection and that it was the duty of said Florence McCarthy to yield said right of way to the automobile driven by Letitia Howard and that it was the duty of said Florence McCarthy to stop the automobile truck he was driving if the same was necessary to yield the right of way to the automobile driven by Letitia Howard.'' The substance of the other (numbered XXIV) was merely that if the jury found from the evidence and under the instructions theretofore given that the automobile driven by plaintiff had the right of way and that the driver of the truck failed to yield said right of way to her, and such failure was the sole and proximate cause of the collision, plaintiff was entitled to a verdict.

Defendants contend that the evidence in the case would have been sufficient to warrant the jury in finding that both vehicles approached the intersection at approximately the same time; that if it were so found, the truck, having approached from the right, would have been entitled to the right of way, under the provisions of subdivision (a) of section 131 of the California Vehicle Act, as amended in 1925, which was in force at the time of the accident, providing the truck was traveling at a lawful rate of speed, and irrespective of the fact that the coupe entered the intersection first; and they argue, therefore, that the effect of the instructions complained of was to instruct the jury erroneously that plaintiff was entitled to the right of way, if she entered the intersection first, regardless of whether both vehicles approached the intersection at the same time.

As in many other cases of this kind presented for review, defendants have singled out one instruction from the several given upon the same subject, and by a process of faulty reasoning endeavor to show that the instruction selected for criticism implies something contrary to its true meaning. As said in *Weaver* v. *Carter*, 28 Cal. App. 241 [152 Pac. 323, 326] : "The courts have often pointed out the fallacy which often characterizes the attempt to invalidate a verdict by selecting certain detached passages in the charge of the court and subjecting them to a technical and often a somewhat hypercritical analysis to show that they misstate the law or are calculated to mislead the jury to the prejudice of the rights of one of the parties to the action. It is hardly conceivable that a set of instructions could be prepared from which isolated parts could not be selected and conclusively shown, when taken alone and by themselves, to be erroneous and detrimental to a party to the suit. Hence, the obvious proposition has often been emphasized that all the limitations, qualifications, or conditions which must ordinarily accompany the statement of principles of law to a jury in a particular case cannot be given in one sentence, nor, indeed, in one paragraph or a single instruction, and that where they are found properly stated in the general charge of the court, the cause will not be reversed even though in isolated passages there is an omission to state them. In other words, if all the instructions taken together, and not being inconsistent with each other or confusing, give to the jury a fair and just notion of the law upon the point to which they are addressed, it is sufficient." (Citing numerous cases.)

The construction defendants would have placed upon the instruction above quoted is obviously based upon a distortion of its terms, for as will be observed it does not state unqualifiedly, as defendants argue, that plaintiff was entitled to the right of way if the jury found, merely, that she entered the intersection first, but it expressly declares that her right of way was dependent upon the conditions that she had already entered and *"was proceeding over said intersection* at a lawful speed and that the automobile truck . . . had not as yet entered upon such intersection" (italics ours) ; and it would seem to be quite impossible for the jury to find that she was in the position of "proceeding over" the intersection

before the truck entered upon the same, without having first found that she approached the intersection ahead of the truck; unless, of course, the truck was stopped at the intersection and admittedly such was not the case, the truck driver himself having admitted that the coupe was at a standstill at the intersection when he reached the westerly property line of Broderick and that he did not stop.

However, aside from the technical wording of this particular instruction, the record discloses that the court gave some forty-nine instructions, all of which appear to be satisfactory to defendants except the two mentioned, and among them gave several others having either a direct or indirect bearing upon the question of the right of way at intersections. One of them embodied the very section of the California Vehicle Act upon which defendants rely. The instruction was as follows: ''The law of this State in force at the time of this accident, provides as follows: Section 131 (a) of Motor Vehicle Act; Right of Way: 'When two vehicles approach an intersection of public highways at approximately the same time, the vehicle approaching from the right shall have the right of way, provided such vehicle is traveling at a lawful speed.' If you find that Mrs. Howard did not comply with the above provisions of the Motor Vehicle Act, and that her failure to comply with such provisions was the sole proximate cause of this accident, then I instruct you that your verdict must be in favor of the defendants.'' Furthermore, the jury was instructed that the driver of the truck had a right to assume that plaintiff would drive her machine in a lawful and prudent manner and would observe the provisions of the California Vehicle Act (instruction XV); and that he had the right to assume that other drivers of automobiles would yield to him the right of way if such right of way was given him (instruction XVI); also that a failur to comply with a duty imposed by a statute of a state constituted negligence as a matter of law (instruction XX). ▮ If defendants desired any instructions more specific in terms upon the subject they should have proposed the same; and having failed to do so, cannot be heard to complain of those given (*Wirthman* v. *Isenstein*, 182 Cal. 108 [187 Pac. 12]). As held in *Brown* v. *Beck*, 63 Cal. App. 686 [220 Pac. 14], defendants had the opportunity at the trial to request instructions in accordance with the views they are now advancing, and hav-

ing failed to take advantage of that opportunity, they may not be heard to complain at this time. (See, also, *Wirthman* v. *Isenstein, supra; Viera* v. *Atchison etc. Ry. Co.*, 10 Cal. App. 267 [101 Pac. 690]; 24 Cal. Jur., p. 796.)

The case of *Hoffman* v. *McNamara*, 102 Cal. App. 280 [282 Pac. 990], upon which defendants mainly rely and from which they have extensively quoted in their brief, is essentially different from the present one. There the appellant admitted that both vehicles approached the intersection at approximately the same time, and that, therefore, the vehicle approaching from the right was entitled to the right of way, if traveling at a lawful speed; nevertheless the appellant requested the court to instruct the jury that *as an exception to this rule* the motorist on the left would be entitled to the right of way if he entered the intersection first. Obviously, to have given such an instruction would have been to add a distinct clause to the statute, containing an exception to the traffic rule therein declared; and consequently the trial court refused to give the same, and such refusal was sustained on appeal. The decision in the other case which is strongly emphasized by defendants, *Jordan* v. *Great Western Motorways*, (Cal. App.) 294 Pac. 9, has since been set aside by a transfer of the cause to the Supreme Court.* But even in the decision so vacated, there is nothing which conflicts with the views herein expressed, for there some six instructions were held to be prejudicially erroneous; and the court concluded therefore that under such circumstances the jury was not fully and fairly instructed as to the law of the case. Here, as pointed out, the principal instruction assailed was not erroneous, and whatever slight uncertainty there may have been, if any, in its wording, was done away with by giving the later instruction embodying the section of the California Vehicle Act upon which the preceding instruction was based. (*James* v. *Frazee*, 209 Cal. 456 [288 Pac. 784].)

■ Moreover, from an examination of the reporter's transcript it would seem that the contention defendants now make, that both vehicles approached the intersection at approximately the same time, originated since the appeal was taken, and that there is no substantial evidence in the record to justify such conclusion. The truck driver did not so tes-

*(Cal.) 2 Pac. (2d) 786.

tify, and although there is a sharp conflict as to the exact location of the truck at the time the coupe started across the intersection, all of the testimony shows that the coupe reached the intersection and stopped there before the truck reached the intersection. In this regard plaintiff and Mrs. Murphy testified that before attempting to cross the intersection, after having stopped, they looked up and down Lombard Street and saw no vehicle approaching, and that after having reached the middle of the intersection they looked again and at that time the truck was up Lombard Street just about opposite a certain red house, which proved to be more than fifty-five feet from the intersection; and Miss Legeal testified that as they stopped at the intersection she looked up Lombard Street and that the truck was then near the third pole, westerly of the intersection, which was shown to be at least 115 feet distant therefrom. And the truck driver himself, and another witness produced by defendants, stated that the coupe was stopped at the intersection when the truck reached the same, his testimony being that when he reached the westerly property line of Broderick Street he saw the coupe stopped at the intersection; that believing he had the right of way he reduced his speed to about five or six miles an hour, and without stopping proceeded to cross the intersection, but that the coupe then entered the intersection ahead of him, turning first to the left as if to go down Lombard Street and then to the right to go up Broderick; and that the collision was inevitable. In view of the foregoing testimony, it would appear that there was no substantial evidence to warrant the jury in finding that both vehicles approached the intersection at approximately the same time.

The judgment is affirmed.

Tyler, P. J., and Ward, J., *pro tem.*, concurred.