[Civ. No. 10372.   First Appellate District, Division One.—November 29, 1937.]

ESTHER NEWMAN, Respondent, v. DR. J. A. CAMPBELL, Appellant.

Myron Harris, William H. Older and John Jewett Earle for Appellant.

A. W. Hollingsworth, Lewis E. Lercara and James R. Agee for Respondent.

THE COURT.—An appeal by defendant J. A. Campbell, a dentist, from a judgment entered against him in an action to recover for personal injuries alleged to have been caused by the negligent administration of an anaesthetic by his employee.

It was shown by the evidence, although conflicting and subject to different inferences, that the anaesthetic was injected into infected parts of plaintiff's gums and this with too great frequency. According to the medical testimony injections so made tended to spread the infection, and it supports the jury's implied finding of negligence and the damage alleged.

Appellant claims that the trial court erred by refusing an instruction on the question of proximate cause, and also by an instruction to the jury with regard to the expectancy of life of persons of plaintiff's age.

The court by its instruction correctly defined the terms "negligence", "burden of proof", "preponderance of the evidence" and "proximate cause"; but appellant complains that the refusal of his proposed instruction was prejudicially erroneous.

The material portion of the instruction refused reads as follows: "If you are unable to ascertain from a preponderance of the evidence in this case that the defendant or his employees were negligent—negligence measured as heretofore defined for you and proximately causing the condition complained of—then your verdict must be for the defendant." Although the proposed instruction was not improper, nevertheless the other instructions sufficiently covered the issue in

this particular. As stated, the court correctly defined "proximate cause", and the jury was told in substance that if there were two or more possible causes of the injury, for one or more of which defendant was responsible, the plaintiff, in order to recover, must show by evidence that the injury was wholly or partly the result of that cause; and that if they found that the injuries were due to a cause over which the defendant had no control, or were not caused by his act or omission, the plaintiff could not recover. These instructions were sufficient, and the refusal of that offered by appellant was not prejudicial. (See *Wirthman* v. *Isenstein*, 182 Cal. 108 [187 Pac. 12]; *Weaver* v. *Carter*, 28 Cal. App. 241 [152 Pac. 323].)

As stated, the court instructed as to plaintiff's life expectancy, and that the jury might take this into consideration in determining her damage, if any. It is urged that she was not in normal health at the time of her injury, and that consequently the instruction was improper. On this question also the evidence was conflicting, and the jury might have found that the plaintiff was for a person of her age in ordinary health. The mortality table was admissible and, although not conclusive, was evidence of the probable duration of her life. Under the evidence she was entitled to an instruction based upon her theory of the case. (*Groat* v. *Walkup Drayage etc. Co.*, 14 Cal. App. (2d) 350 [58 Pac. (2d) 200]; *Morrow* v. *Mendleson*, 15 Cal. App. (2d) 15 [58 Pac. (2d) 1302].) If the appellant desired an instruction explaining in more detail the weight to be given the elements fixing her life expectancy, as was the case in *Groat* v. *Walkup Drayage etc. Co.*, *supra*, such an instruction should have been offered. This was not done, and in the circumstances appellant has no ground for complaint. (*Murphy* v. *National Ice Cream Co.*, 114 Cal. App. 482 [300 Pac. 91].)

In view of the injuries which plaintiff has suffered the award was not excessive.

The conclusions reached on the issues are fairly supported, and no error which would justify the reversal of the judgment has been shown.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 29, 1937.