KNAGGS *v.* LEWIS.

AUTOMOBILES—MINORS—NEGLIGENCE—PROXIMATE CAUSE—COLLISION WITH POLICE CAR.

In action for personal injuries, sustained by plaintiff, a minor, when car in which he was riding collided with a car in which four policemen were traveling in the line of emergency duty, judgment for defendant based on finding of trial court, sitting without a jury, that the sole proximate cause of the collision was the negligence of the driver of the car in which plaintiff was riding is affirmed.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 13, 1938. (Docket No. 43, Calendar No. 39,696.) Decided February 2, 1939.

Case by Charles M. Knaggs, a minor, by his next friend, Charles W. Knaggs, against Edgar Lewis and Arthur W. Barker for damages for personal injuries sustained in a collision between a police car and a private motor vehicle. Judgment for defendants. Plaintiff appeals. Affirmed.

*Dohany & Dohany*, for plaintiff.

*Raymond J. Kelly* and *Nathaniel H. Goldstick*, for defendants.

Wiest, J. About 11 o'clock, the night of November 28, 1934, at the intersection of Kercheval and Fischer avenues, in the city of Detroit, there was a collision between a Ford car, in which four boys, in their teens, were riding, and a Lincoln car in which four policemen were traveling in the line of emergency duty. The Ford car was northward bound upon Fischer avenue, and the police car westward bound on Kercheval. Fischer avenue at Kercheval is a stop street. The Ford car was driven by Ernest Dossin, then 18 years of age, and plaintiff herein, then 17 years of age, and two other boys were in the car. In the collision plaintiff was injured and one of the other boys killed.

Plaintiff brought this suit to recover damages, claiming that the collision was occasioned by the negligence of defendants in operating the police car at high speed, without proper regard for the safety of other users of the street and in violation of city and State regulations and not within leave accorded police vehicles.

Defendants, while on duty, received an order to go where it was alleged a house was being burglarized and were responding to such emergency call when the collision occurred.

The issues joined were tried by the court without a jury and, upon a finding that the proximate cause of the collision was the negligence of the driver of the car in which plaintiff was riding and without negligence on the part of defendants, judgment was entered in favor of defendants and a new trial denied.

Plaintiff, by appeal, avers that the finding was erroneous, and against the preponderance of the evidence and asks reversal, with direction to the circuit court to assess plaintiff's damages or be accorded a new trial.

Review here by appeal is not in the nature of hearing *de novo* upon the issues of fact but where the trial in the circuit is without a jury we examine the record, if so invoked, to ascertain whether the finding or findings upon which the judgment rests, are against the preponderance of the evidence. Unless we can say affirmatively that the finding of the trial judge is against the preponderance of the evidence our review of facts ends.

The record discloses ample support for the finding that the proximate cause of the collision was the negligence of plaintiff's driver and we cannot hold such finding to be against the preponderance of the evidence.

The siren of the police car was sounded loud enough to be heard for several blocks and, after plaintiff's driver heard it, he thought that by speeding up his car he could make the crossing from where he was near the center of the street. This thought did not take into consideration the speed of the oncoming car and proved disastrous.

Plaintiff claimed that his driver stopped at Kercheval avenue and then started slowly across and, at about the center of the street, without stopping, speeded up; while defendants claimed that the Ford car stopped near the center of the street and the police car swerved to the right to pass on the accorded way and then the Ford car shot forward into the pathway of the police car and the collision was occasioned thereby.

A disinterested witness, who was standing on a corner of the intersection, testified that the Ford car came to a stop on the street car tracks in the center of Kercheval avenue, and then suddenly shot forward, and such was the testimony of the driver of the police car and the police sergeant in command of the car and one of the policemen in the car.

The record amply supports the finding that the driver of the Ford car stopped on the car tracks in the center of Kercheval avenue and this caused the police car driver, whose car was upon the car tracks, to swerve to the right to pass, and that such passing would have been accomplished had not the driver of the Ford car started ahead.

Inasmuch as the plaintiff was a minor and the negligence of the driver of the car in which he was riding cannot be imputed to him as a matter of law (*Hampel* v. *Railroad Co.,* 138 Mich. 1 (110 Am. St. Rep. 275, 17 Am. Neg. Rep. 84); *Ommen* v. *Railway Co.,* 204 Mich. 392; *Davis* v. *Railroad Co.,* 222 Mich. 239; *Michelsen* v. *Railway Co.,* 247 Mich. 383), counsel for plaintiff contend that the court should have found concurrent and contributory negligence on the part of the defendants requiring them to respond in damages.

The version of the collision, accepted by the circuit judge, upon ample evidence exculpating defendants,

placed the sole cause upon the negligence of plaintiff's driver.

Under the record we find no occasion to disturb the judgment and it is affirmed, with costs to defendants.

BUTZEL, C. J., and CHANDLER, J., concurred with WIEST, J.

BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred in the result.