375

[Civ. No. 12043.   Second Appellate District, Division One.—November 6, 1940.]

HARRY HILTON et al., Respondents, v. CHARLES P. CAREY et al., Appellants.

Nourse, Betts & Jones for Appellants.

Flanagan & Sampson, Richard Hunt Sampson and Dan O'Neill for Respondents.

DORAN, J.—This is an appeal by defendants from a judgment on the verdict of a jury in plaintiffs' favor in an action for damages for injuries sustained as the result of an automobile accident.

The accident in question resulted in personal injuries to respondent Rabel Baker Rollice and in the death of Alba Hilton, the wife of respondent Harry Hilton, and occurred on July 7, 1937, at about eleven in the morning, when a 1928 Chrysler sedan, driven by the deceased, Alba Hilton, and a 1937 Pontiac sedan, driven by one of the appellants, collided at the intersection of West Fifth Street and Manhattan Place, in the City of Los Angeles.

Manhattan Place runs north and south, Fifth Street east and west, and the intersection in question is at right angles. It appears that just prior to the collision the Pontiac sedan was traveling south on Manhattan Place, and the Chrysler sedan west on Fifth Street. According to the testimony of one of the police officers who investigated the scene after the accident the point of impact was 18 feet south of the north curb line and 24 feet west of the east curb line in the intersection. Fifth Street at that point is 40 feet wide and Manhattan Place 45 feet wide, so that, according to the testimony of the officer, the cars collided in the northwest quarter and close to the center of the intersection, about two feet north and one and one-half feet west of the center of the intersection.

Pictures of the respective cars produced in evidence show damage to the right rear fender and a dent in the right front door of the Chrysler, and damage to the left front fender of the Pontiac.

The oral testimony, as in most automobile accident cases, is conflicting. Appellants contend that the physical facts establish beyond contradiction that the deceased, Alba Hilton, was guilty of negligence which was the sole proximate cause of the accident in question; and that error was committed by the court in giving certain instructions to the jury and in

refusing to give an instruction requested by defendants (appellants here).

Much of the appellants' argument as to the physical facts would be more properly addressed to a jury than to an appellate court. The burden of it is that the physical facts show uncontrovertibly that the right front of the Chrysler must have struck the left front of the Pontiac, and that therefore the Pontiac had first entered the intersection and had the right of way over the Chrysler. The main difficulty with this argument is that it completely ignores the damage shown to have been done to the right rear of the Chrysler.

Respondents contend that the Chrysler car entered the intersection first and at a lawful rate of speed; that the Pontiac entered the intersection at a later time and at such an excessive rate of speed as to be unable to stop in time to avoid the accident.

The physical facts, if anything, tend more to support respondents' claim than that of appellants, and hence support the verdict of the jury. There is no merit in appellants' first contention.

■ Appellants assign as error a portion of one of the instructions given to the jury. The portion objected to reads as follows: "Should you find from *a preponderance* of all the evidence that the Chrysler automobile driven by the decedent Alba Hilton was being driven at a lawful speed and one which was reasonable and proper, having due regard to the traffic, surface and width of the highway, and that the Chrysler automobile entered the intersection of Fifth and Manhattan Streets before the Pontiac automobile driven by the defendant Charles P. Carey entered the intersection, then and in that event, I instruct you that the decedent Alba Hilton had the right of way; that is to say, she had the right to the immediate use of the highway and a preferential right thereto over the Pontiac automobile operated by the defendant Charles P. Carey."

Appellants contend the instruction is erroneous in that it accorded to the deceased the right of way in the event the jury found that she entered the intersection first, regardless of any act or omission of negligence on her part, so long as she entered the intersection at a reasonable rate of speed. The criticism is not justified. The language excepted to is only a part of the instruction given. The balance of the

instruction took into account the factor of contributory negligence and the necessity of finding decedent free therefrom in order to bring in a verdict for the plaintiffs. Moreover, the jury was fully instructed as to the law governing the right of way of vehicles at intersections, the instruction thereon being given in the language of section 550 of the California Vehicle Code. The instruction objected to, when read as a whole, was not erroneous, particularly in the light of other instructions given. See *Howard* v. *National Ice Cream Co.*, 115 Cal. App. 639 [2 Pac. (2d) 211], cited by respondents.

Appellants also assign as error the giving of an instruction which was in substance that it is the law of this state that persons who operate motor vehicles upon the public highways must at all times have their automobiles under such control as to be able to stop promptly if it becomes necessary; that if it was found that at the time of the accident or immediately prior thereto defendant did not have his car under control, and as a result was unable to stop his car promptly, such conduct on his part would constitute negligence, which, if found to be the proximate cause of the accident, would require a verdict in favor of plaintiffs in the absence of a finding of contributory negligence.

Appellants' objection to this instruction is that it required of the defendant a greater degree of care than reasonable care.

Where a jury was instructed that it is part of the duty of the operator of a motor vehicle to keep his machine always under control so as to avoid collision with other persons using the highway with ordinary care and prudence, such an instruction was held not to be erroneous. (*Butcher* v. *Thornhill*, 14 Cal. App. (2d) 149, 156 [58 Pac. (2d) 179].) And as to the care to be exercised by drivers of automobiles it has been said: "The law indeed imposes upon them a degree of care commensurate with the peculiar hazard attending the operation of these modern vehicles." (*Meyers* v. *Bradford*, 54 Cal. App. 157, 159 [201 Pac. 471].) See *Devecchio* v. *Ricketts*, 66 Cal. App. 334, 341 [226 Pac. 11], wherein it is stated that the rule of reasonable precaution which the law enjoins upon a driver of an automobile upon a public highway includes such control as that the vehicle may be stopped promptly. The instruction in question set for defendants no greater degree of care than that which might reasonably

be expected of the driver of an automobile. The rule as therein set forth does not, as argued by appellants, require a driver to exercise such control over his vehicle as to absolutely avoid all collisions. If there could be any doubt as to the validity of the instruction it was amply cured by other related instructions given.

Appellants complain of the court's refusal to give a requested instruction apparently to the effect that the driver of the Pontiac was not required to anticipate anything which it would be unreasonable to expect a person of ordinary intelligence, exercising reasonable care, to expect. The situation intended to be covered thereby was more explicitly and more clearly covered by two other instructions requested by defendants and given by the court. Furthermore, the requested instruction as drawn was so involved that its rejection was warranted to avoid confusion.

There being no errors in the record, the judgment is affirmed.

York, P. J., and White, J., concurred.