FLAT HOTS COMPANY, INC., *v*. PESCHKE PACKING CO.

1. APPEAL AND ERROR — CONTRACTS — EXECUTION ON BEHALF OF CORPORATION—EVIDENCE.

In action for damages for breach of a written contract, tried by court without a jury, finding that contract was not a binding obligation upon defendant corporation until signed by someone in addition to its treasurer and that plaintiff's representatives were aware of such fact *held*, not against the preponderance of the evidence.

2. SAME—QUESTION FOR TRIER OF THE FACTS.

The Supreme Court is not inclined to substitute its conclusion as to a question of fact for that of the trier of the facts where the facts are in such dispute that reasonable minds might differ on the result.

Implied agency, see 1 Restatement, Agency, § 43.
Agency by estoppel, see 1 Restatement, Agency, § 141.

3. SAME—NONJURY LAW CASE—CREDIBILITY OF WITNESSES—PRE-PONDERANCE OF THE EVIDENCE.

In a law case tried without a jury, the trial court is the judge of the credibility of the witnesses and the Supreme Court examines the record to ascertain whether the findings are against the preponderance of the evidence.

4. PRINCIPAL AND AGENT—IMPLIED AGENCY—PROOF.

An implied agency cannot exist contrary to the express intention of an alleged principal although it may spring from acts and circumstances permitted by the principal over a course of time through acquiescence.

5. SAME—AGENCY BY ESTOPPEL.

Agency by estoppel can be established only where defendant holds the agent out as being authorized, and the plaintiff, relying thereon, has acted in good faith upon such representation.

6. CORPORATIONS—AGENCY BY ESTOPPEL—NOTICE OF LACK OF CAPACITY—GOOD FAITH.

Agency of corporation's treasurer to execute contract in question cannot be raised by estoppel where there are no facts from which it could reasonably be deduced that the treasurer had such authority and it appears that plaintiff had notice of such lack of capacity and was thereby precluded from acting in good faith upon such representations.

7. SAME—CONTRACTS—RATIFICATION—REPUDIATION.

In action on alleged contract for purchase of sausage casings, claim that defendant corporation had ratified the action of its treasurer by failing to take prompt action to repudiate it after being informed thereof and by accepting benefits thereunder, held, not supported by record showing immediate denial of existence of contract as soon as plaintiff had made intimation to defendant that partially executed contract was then claimed to have been a binding one.

8. SAME—CONTRACTS—ORAL CONTRACTS—AUTHORITY—TREASURER.

An oral contract to pay for a minimum quantity of sausage casings referred to in incompletely executed written contract will not be implied where defendant corporation's treasurer did not alone have power to execute on corporation's behalf either an oral or a written contract for such purpose.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 13, 1942. (Docket No. 35, Calendar No. 41,719.) Decided April 6, 1942.

Assumpsit by Flat Hots Company, Inc., a Michigan corporation, against Peschke Packing Company, a Michigan corporation, for damages for breach of contract.  Judgment for defendant. Plaintiff appeals.  Affirmed.

*Wiley, Streeter & Ford,* for plaintiff.

*H. S. Derderian* and *Miller, Bevan, Horwitz & Des Roches (E. C. Bevan,* of counsel), for defendant.

BOYLES, J.  Flat Hots Company, Inc., brought suit against Peschke Packing Company, a Michigan corporation, claiming damages for breach of a written contract to buy, or pay for at an agreed price, a minimum quantity of certain patented sausage casings.  Plaintiff claimed that defendant had breached a written undertaking to create a market for "flat hots" manufactured by a certain type of grill which plaintiff furnished defendant under license, and that defendant thereby deprived plaintiff of profits it would have received from the sale of an agreed quantity of casings.  The declaration added the usual common counts.  Defendant denied that any contract existed between the parties, claimed that defendant's treasurer had no authority to sign the alleged written contract, that it was understood and agreed by plaintiff that the consent of Mr. Peschke, the president of defendant corporation, was essential to a binding contract; that defendant's use of the grills and its efforts to sell flat hots were merely a preliminary test of market possibilities for the use of the process.  Defendant denied any liability whatever.

The issues were tried by the court without a jury, the circuit judge found that the defendant never became legally bound by the alleged contract, and en-

tered judgment of no cause for action. Plaintiff reviews by general appeal.

The only question before us is whether the defendant corporation's treasurer had authority to bind the corporation by signing the alleged contract on which plaintiff relies, and, if not, was the contract binding on defendant corporation by implied agency or by estoppel.

For the purposes of this case, the plaintiff corporation may be considered as consisting of Walter T. Schuett and Herbert C. McConnell. Before the corporation was organized, the contract in question was entered into by these two individuals as copartners doing business under the name of Flat Hots Company. They later organized plaintiff corporation under the same name and assigned the contract to the corporation. The alleged contract on which plaintiff relies purports to have been signed as follows:

"WALTER T. SCHUETT,
"HERBERT C. MCCONNELL,
　　"Copartners Doing Business as Flat Hots
　　Company.

"PESCHKE PACKING COMPANY,
"By  .................
　　"President.
"By SHIRLEY J. GEORGI,
　　"Treasurer."

The circumstances under which it was signed were somewhat unusual. In the latter part of August, 1938, some conversations were held between Schuett, McConnell and Shirley Georgi with reference to the possibility of the Peschke company entering into a contract to acquire the exclusive right to sell and distribute in Michigan a patented sausage

known as flat hots. These conversations led to the drafting of a written agreement by an attorney representing the plaintiff partners. A meeting was held in the office of the Flat Hots Company, at which those present were Messrs. Schuett and McConnell and their attorney; Shirley Georgi and his father, John Georgi; an attorney representing defendant, and one or two others. Shirley Georgi testified that he stated at this meeting that any contract must bear Mr. Peschke's signature before it became valid, and that the reason that plaintiffs gave for wanting his (Georgi's) signature was to show his good faith and to show that it was all right with him if it was all right with Mr. Peschke. McConnell testified that he heard no statement made by Mr. Georgi to that effect. John Georgi testified that it was there stated that the contract would have to be sent to Mr. Peschke, who was then traveling in Europe, for his signature. Defendant's attorney, who was at this meeting, testified that he told plaintiffs that the president's and secretary's signatures would be required to bind the defendant company and that Mr. Schuett suggested that when Mr. Peschke's signature had been procured, the partners would exchange agreements and give the defendant an agreement signed by Schuett and McConnell; that Schuett and McConnell said they would withhold their signatures until defendant could furnish them an agreement properly signed by Mr. Peschke. Plaintiffs' attorney, who was at the meeting, testified that no statement was made that any contract must be signed by Mr. Peschke to be valid and that Shirley Georgi stated that he had the authority to sign the contract. About the only facts not in dispute are that Shirley Georgi did at some time sign one copy of the alleged contract, as treasurer, which copy was retained by plaintiffs, and that plaintiffs did not

sign and deliver any copy but left three unsigned copies with the defendant's attorney.

It is undisputed that Georgi, as treasurer of the defendant corporation, had no express authority to execute the contract either under the corporation's bylaws or by any action of defendant's board of directors. The trial court, sitting without jury, found:

"It must appear plain that the plaintiffs had actual knowledge of the necessity for some signature other than Georgi's on behalf of the defendant, before the contract became effective. If Mr. McCauley, plaintiff's attorney who drew the contract, was convinced that it became a binding obligation upon its execution by Georgi, it is difficult to understand why he planned to have it executed further by mailing it to Mr. Peschke for his signature, or having a resolution of the board of directors adopting it. Further circumstances at the time Georgi signed the instrument indicate conclusively to the court that McConnell knew that the instrument was not binding without further signatures. His conduct is utterly inconsistent with a conclusion that without further execution on behalf of the defendant it was a binding obligation. He did not ask Georgi to sign two or more copies of the instrument; he did not sign any copies himself on behalf of the plaintiffs; he left nothing with Georgi, except three blank copies of the contract. He states in his own testimony that he expected the signature of some other officer to be procured. All of these facts are so at variance with usual business procedure that it must be concluded that McConnell knew, or at least believed that some step remained to be taken before the instrument became binding upon the defendant."

We cannot say that this finding is against the preponderance of the evidence. There is testimony

to support either claim and the determination of the issue depends upon which testimony to believe. We are not ordinarily inclined to substitute our conclusion for that of the trier of the facts where the facts are in such dispute that reasonable minds might differ on the result. *Buhler* v. *City of Detroit,* 274 Mich. 139. In law cases tried without jury, the trial court is the judge of the credibility of the witnesses. *Toussaint* v. *Conta,* 292 Mich. 366. We examine the record to ascertain whether the findings are against the preponderance of the evidence. *Knaggs* v. *Lewis,* 287 Mich. 431. In the case at bar, the finding is not against the preponderance of the evidence and it will not be disturbed by this court. See *Hekman Biscuit Co., for use and benefit of Royal Indemnity Co.,* v. *Commercial Credit Co.,* 291 Mich. 156.

Plaintiff contends that the directors of the defendant company, by a long course of dealing, abdicated their authority in favor of Peschke and of Georgi, and particularly in favor of Georgi when Peschke might be absent. The essence of this claim is an implied agency or an agency by estoppel, and that the corporation is bound by Georgi's signature. An implied agency cannot exist contrary to the express intention of an alleged principal although it may spring from acts and circumstances permitted by the principal over a course of time through acquiescence. *Weller* v. *Speet,* 275 Mich. 655. Agency by estoppel can be established only where defendant holds the agent out as being authorized, and the plaintiff, relying thereon, has acted in good faith upon such representation.

"In order for the holding out of another as an agent to act in a given capacity, or knowingly and without dissent permitting him to do so, or where the habits and course of dealing have been such as to warrant a presumption of authority, to constitute

an estoppel it must also appear that persons claiming rights by reason thereof 'have relied thereon in good faith and in the exercise of reasonable prudence.' " *David Stott Flour Mills* v. *Saginaw County Farm Bureau,* 237 Mich. 657, 662.

As we have already noted, a reasonable conclusion from the testimony is that plaintiff knew that something more than Georgi's assent was necessary to bind the defendant. There is no showing in the record that the Peschke Packing Company, as principal, ever held out that Georgi, as its treasurer, had authority to act as its agent in making the sort of contract here relied upon. Plaintiff had notice of this lack of capacity and this fact precludes any possibility of its acting upon such representations in good faith. There was no agency by estoppel. There are no facts from which it could reasonably be deduced that Georgi had such authority and under the circumstances of this case there was no implied agency.

Plaintiff further contends that defendant ratified its treasurer's action by failing to take prompt action to repudiate it after defendant was informed thereof, and by accepting the benefits of the alleged contract. The facts and circumstances shown by the record do not sustain this claim. The trial court's finding, supported by the preponderance of the evidence, is that the first time plaintiff claimed to have a binding contract with the defendant corporation was in a letter addressed to Mr. Georgi, stating "We may as well tear up our present contract." Georgi answered the letter promptly and requested a conference, at which conference he told the plaintiff there was no contract to tear up. The court found that this was the first intimation plaintiff had given defendant that it claimed to have a binding written contract. Nowhere does it appear that plaintiff had before that time brought such a

claim to the attention of Mr. Peschke or Mr. Georgi or defendant's board of directors. Until it was made known to defendant that plaintiff claimed to have a binding written contract, any alleged failure to repudiate Georgi's action could not amount to a ratification. As soon as defendant learned that a binding written contract was claimed by plaintiff, the claim was promptly denied and if a duty to repudiate existed it was fully met.

Some attempt is made by plaintiff to claim that at least an oral contract should be implied, binding defendant to pay for the quantity of casings referred to in the written contract. Admittedly, defendant has paid for all the casings it received. Anything further would require defendant to do the very things required of it in a written contract which had no legal existence. A complete answer to the claim of a verbal contract lies in the fact that Georgi would have no power to bind the corporation to a verbal contract when lacking in such authority as applied to a written contract.

Testimony was taken showing in detail the course of dealings between plaintiff and defendant leading up to the bringing of this suit and appears at length in the record. The proofs are fully consistent with defendant's claim that a preliminary test of market possibilities was being undertaken before entering into a contract. Defendant by its pleadings expressly denied that Georgi had authority to bind the corporation by the alleged contract. Plaintiff has failed to establish the agency of Georgi, and also has failed to establish knowledge on the part of defendant's officers or board of directors of such facts and circumstances that the corporation can be found liable on the ground of estoppel or ratification. See *E. Clemens Horst Co.* v. *Grand Rapids Brewing Co.,* 280 Mich. 49. The

respective claims of both parties were considered by the trial court, the testimony weighed; the findings of the trial court are not against the preponderance of the evidence and, therefore, will not be disturbed by this court.

Judgment affirmed, with costs to appellee.

Chandler, C. J., and North, Starr, Butzel, Bushnell, and Sharpe, JJ., concurred. Wiest, J., did not sit.