MARQUETTE LUMBER CO. *v.* BURKE.

1. TRIAL—NONJURY LAW CASE—QUESTIONS OF FACT—CREDIBILITY OF WITNESSES.

In the trial of a nonjury action at law the circuit judge is the trier of the facts and the judge of the credibility of the witnesses.

2. CONTRACTS—FORMATION—SHOOKS FOR WOODEN CHESTS—QUESTION OF FACT—EVIDENCE.

In nonjury action at law to recover the sale price of lumber wherein defendant admitted liability for sum claimed but claimed damages on a set-off because of breach of an alleged contract on part of plaintiff to supply shooks for wooden chests defendant was under contract to supply the United States government, where evidence was conflicting upon question as to whether there was a meeting of the minds so as to form a contract and whether defendants' written purchase order was accepted by plaintiff, findings for plaintiff were not against the clear preponderance of the evidence.

3. APPEAL AND ERROR—NONJURY LAW CASE—FINDING OF FACT—EVIDENCE.

The Supreme Court does not disturb the findings of fact by a judge sitting without a jury unless such findings are against the clear preponderance of the evidence.

Appeal from Berrien; Evans (Fremont), J. Submitted April 7, 1944. (Docket No. 30, Calendar No. 42,591.) Decided May 17, 1944.

Assumpsit by Marquette Lumber Company, a corporation, against Frank N. Burke and Robert S. Burke, copartners doing business as Wolverine Manufacturing Company, to recover sale price of

lumber.   Set-off and recoupment by defendants against plaintiff.   Judgment for plaintiff.   Defendants appeal.   Affirmed.

*White & White,* for plaintiff.

*Charles W. Gore,* for defendants.

Butzel, J.   Defendants, Frank N. Burke and Robert S. Burke, doing business as Wolverine Manufacturing Company, had contracted with the United States government to supply it with wooden chests.   In order to manufacture these chests certain shooks and partitions which followed rigid government specifications were needed.   It appears that plaintiff was interested in supplying defendants with these products and on June 25, 1942, wrote defendants quoting a price of $1.75 for each shook, based on the government specifications which defendants had furnished.   On the 6th of the following month a letter was sent by plaintiff to defendants stating that the price per shook would be $1.75 delivered at Eau Claire, that "our Canadian mill" would ship two sets of spruce shooks, and that it would advise defendants of the price on the ½" stock very shortly.   Neither plaintiff nor defendants claim that this correspondence was binding or constituted a contract.   On July 15, 1942, plaintiff's vice-president, Mr. Huff, visited defendants and spoke to Mr. Robert S. Burke, regarding the shooks.   Mr. Burke insisted on a lower price and presented Mr. Huff with two purchase orders, one for 16,650 sets of shooks at $1.60 and 16,000 partitions at 15 cents each, another one for 1,400 sets of shooks at $1.60 each.   There was no written acceptance of these orders.   The one for the larger amount refers to a shook of different design than

the one for the smaller number. The question is whether these orders were accepted. Both sides presented evidence as to the discussions held on July 15th, and also as to telephone conversations and correspondence that followed shortly thereafter. Plaintiff claims that Mr. Burke was informed by Mr. Huff that the order was only conditionally taken and was subject to further investigation. Defendant denies this. The letters between the parties have implications favoring the plaintiff. However, the testimony is conflicting as to what was said by Mr. Huff and Mr. Burke to one another at the meeting on July 15, 1942. On July 23, 1942, plaintiff wrote to defendants that it was shipping a carload of shooks per order of July 15, 1942, charging $1.60 per shook, that the mill was "doing plenty of kicking about this price," that while they were of the opinion that the order would be "all right as it now stands," nevertheless the mill would not definitely commit itself until it had exactly found out how the "sample car works out." The mill refused to produce the shooks at the price indicated.

Plaintiff would not send any more shooks or partitions at the price defendants allege plaintiff had agreed to deliver them. Plaintiff asserts that no contract was ever made or accepted, that it had not furnished part of the goods ordered, but only a sample carload to determine what the price should be, and that defendant could not by any stretch of the imagination, in view of the correspondence and the interviews, claim that part of the order for a larger amount had been delivered. The testimony is wholly at variance and if plaintiff is correct, the minds of the parties never met. If defendant is correct, plaintiff should pay for the difference between the claimed price and the amount defendants were obliged to pay to secure

the shooks from third parties, the main third party being the same Canadian mill which had filled the sample order and had protested against the price and to whom defendants paid a higher price.

Plaintiff instituted this suit to recover $4,194.84 as the sale price of lumber. Defendants admitted the debt less $634.68 as a credit but claimed damages because of the alleged breach of the "shook" contract as a set-off, and asked a large sum that they had to pay in excess of $1.60 per shook on that part of the alleged order that they had to purchase from third parties.

The case was carefully and thoroughly tried and the circuit judge, sitting without a jury, gave a judgment for plaintiffs for the full amount claimed and disallowed the set-off of defendants. Defendants on appeal raise many questions but in the last analysis the sole question is whether the minds of the parties met so as to form a contract; whether the written order was accepted by plaintiff; whether the finding by the trial judge that it was not accepted and no contract was made was against the preponderance of the evidence.

The circuit judge was the trier of the facts and the credibility of the witnesses. The evidence was conflicting. We do not disturb the findings of fact by a judge sitting without a jury unless such findings are against the clear preponderance of the evidence. We do not find them to be such. *Flat Hots Co., Inc.,* v. *Peschke Packing Co.,* 301 Mich. 331.

For reasons cited, we affirm the judgment of the trial court in favor of plaintiff. Plaintiff will recover costs.

NORTH, C. J., and STARR, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.