[Civ. No. 5212.   Third Appellate District.—June 20, 1935.]

LOUISE PARKER, a Minor, etc., et al., Respondents, v. ED AUSCHWITZ, Appellant.

Hale McCowen and H. L. Preston for Appellant.

H. G. Crawford for Respondents.

PULLEN, P. J.—This is an appeal from a judgment against defendant in five cases consolidated in one action for the purpose of trial. All of the actions involve the same automobile collision, four of them being for personal injuries suffered by the minor children of L. G. Parker, their guardian *ad litem,* and one action by L. G. Parker for medical and hospital services furnished for the minors.

The collision out of which these actions arose occurred about 9:30 o'clock on the morning of a November day near the foot of "Rocky Grade" in Lake County. This grade was approximately 350 feet long, descending from the south toward the north and ranging in degrees of incline from 5 to 12 per cent. The roadway was improved with an oiled surface from 15 to 18 feet in width with graveled shoulders on each side, the entire width of the road not exceeding 25 feet. Throughout the entire course of the grade the road was flanked on both sides by rocks and debris and on the westerly side by trees and brush.

Appellant Auschwitz was proceeding northerly in a model AA Ford truck, geared with three speeds forward, and reverse and with dual rear wheels. The truck was loaded with about one-third of a normal load of lumber, which extended beyond the bed of the truck, making a total over-all length of truck and lumber approximately 23 feet.

When appellant reached the top of the grade he stopped his truck and shifted from high gear to the next lower gear. He did not disengage the clutch nor shut off the motor of his truck nor apply his brakes. After he had proceeded 30 to 50 feet down the grade the rear end of the truck slipped to the left, throwing the car out of control and it then slid or skidded sidewise toward the left or western side of the road and forward a distance of approximately 250 feet, blocking the entire traversable portion of the road to the point of collision hereinafter mentioned. About the time appellant reached the crest of the hill Louise Parker, referred to herein as plaintiff, then about sixteen years of age, was driving a Pontiac sedan southerly along the highway and approaching the foot of the grade. At about that point plaintiff first

saw appellant as he stopped at the top of the grade approximately in the center of the highway. She had as her passengers, three younger sisters and a small cousin, who were on their way to Sunday school. Plaintiff continued to approach appellant and when within approximately 25 feet of the truck she saw for the first time that the rear end of the truck was on the left side of the road. She then drove her car toward an open space to the right of the truck on her left in an attempt to avoid the collision but as she reached a point about opposite the truck, it suddenly straightened out, resulting in a collision between the two vehicles.

It appeared from the evidence in the case there was a slight curve in the road at approximately where the collision took place and that the angle at which the truck was proceeding down the grade could not have been determined by the driver of the Parker car prior to the time she reached the point where she attempted to drive her car toward the open space at the side of the road.

The court found that the defendant was negligent, that the plaintiff was not negligent, and that defendant's negligence was the proximate cause of the injuries. It is the contention of appellant that none of these findings was supported by the evidence and that the sole cause of the collision was the negligence of plaintiff.

Appellant testified that he did not shut off the motor and apply his brakes, but shifted into second gear and started down the grade. He also testified that the roadway was covered with ice at the time he started his truck from the crest of the hill to proceed downward but he did not observe that fact until the truck started to skid.

Plaintiff testified she saw the truck at the top of the grade before it started on its downward course. It does not appear there was anything to obstruct the view of appellant, and, therefore, if appellant had also looked down the grade he must have seen the Pontiac car when he was stopped at the top of the grade, and must also have seen the condition of the road, because to look is to see. (*Chrissinger* v. *Southern Pac. Co.*, 169 Cal. 619 [149 Pac. 175] ; *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513].)

It was the duty of appellant to use all precaution necessary to prevent an injury. He saw or should have seen the condition of the road, the pitch of the grade and the ice or frost upon the surface. He was in duty bound at all times to

operate his truck, having due regard for the traffic, surface and width of the highway, and must not operate it under circumstances that would endanger the life, limb or property of another. (Sec. 113, subd. a, California Vehicle Act.) As he paused at the crest of the grade he knew he was about to descend a grade varying in steepness from 5 to 12 per cent of incline, in a truck without chains, with a load extending several feet beyond the body of the truck, that the surface of the roadway was slippery, that a sedan was approaching up the grade, that his truck was beyond the right of the center of the roadway, and that he had not put the truck in compound low.

It was also testified by plaintiff that when she saw the car at the crest of the grade it was approximately in the center of the road and when it finally came into full view it was then on the left or wrong side of the road. This was of itself a violation of section 122 of the California Vehicle Act, which provides that the driver of a vehicle upon a highway of sufficient width shall drive upon the right half of the highway. The burden therefore rested upon appellant to excuse or justify his position upon the highway. This he attempted to do by showing the truck skidded, and while the mere skidding of an automobile is not necessarily negligence (*Smith* v. *Hollander,* 85 Cal. App. 535 [259 Pac. 958, 58 L. R. A. 268]; *Lambert* v. *Eastern Massachusetts etc. Co.,* 240 Mass. 495 [134 N. E. 340, 22 A. L. R. 1291]), the burden of establishing justification is on appellant. ▮ The court in its finding found that plaintiff was not negligent or careless in the operation of the sedan; the finding being that there was a bend in the road at approximately where the collision took place and that the angle at which the truck was proceeding down the grade could not have been ascertained by plaintiff prior to the time when she reached the point where she turned her car toward an open space on the east side of the road and that the last clear chance and opportunity for safety of plaintiff lay in an attempt to drive said sedan into an open area entirely out of and to the left of the traveled portion of the roadway on the grade. This finding is amply supported by the testimony of plaintiff who fixed the location of the respective vehicles at their various points as they approached and also described the condition of the highway with reference to rocks and obstructions upon the sides and the gradual curve in the highway itself.

■ The evidence discloses that plaintiff had a choice of courses to follow upon seeing the approaching danger. She could have stopped her car; she could have turned out of the traveled portion of the highway to the right as claimed by appellant, although such a course was impractical due to rocks and trees along the road; she could have·driven to the left of the traveled portion of the road as she attempted to do, or she might have increased the speed in an attempt to pass the approaching truck. Plaintiff had a right to follow either or any of the courses open to her in an endeavor·to avoid the collision and she cannot be held negligent because she chose the course she did, even admitting it was wrong. (*Olson* v. *J. J. Jacobs Motor Co.*, 99 Cal. App. 423 [278 Pac. 1051]; *Miner* v. *Dabney-Johnson Oil Corp.*, 73 Cal. App. Dec. 748 22 Pac. (2d) 265].) It appears, however, that if she attempted to pass the approaching truck to her right, she was bound to be hit. If she turned her car off the road to the right she would strike trees and boulders which would prevent her from escaping contact with the approaching truck. If she stopped in her course she would be hit because the truck came down the grade at an angle of 45 degrees with a load of lumber occupying the entire roadway. The only course apparently open was the one which she attempted to take and that was the one to drive to her left and into an excavation into the side of the road. We cannot see, under the circumstances, that she could have been held to ·be negligent, nor can we declare her guilty of negligence as a matter of law. It is quite apparent the finding of the trial court was based upon conflicting evidence, and in accordance with the well-established rules of appellate practice those findings will not be here disturbed.

For the reason given, the judgment should be affirmed, and it is so ordered.

Plummer, J., and Thompson, J., concurred.