[Civ. No. 12484.   First Dist., Div. Two.   Oct. 26, 1943.]

O. G. ANDERSON, Plaintiff and Respondent, v. CHARLES
F. FREIS, Appellant; JAMES F. LINNEY, Cross-de-
fendant and Respondent.

160

Appelbaum & Mitchell and John Jewett Earle for Appellant.

James R. Agee, J. Adrian Palmquist and Raymond A. Ferrario for Respondents.

SPENCE, J.—Plaintiff brought this action against defendant Freis seeking damages for injuries sustained when the automobile driven by defendant Freis crossed the double white line in the center of the highway on the San Francisco Bay Bridge and crashed head-on into the automobile

driven by plaintiff. Defendant Freis filed an answer denying any negligence and alleging that the collision was due solely to the negligence of one Linney. Defendant Freis also filed a cross-complaint bringing in Linney as a cross-defendant and seeking damages against said cross-defendant for the injuries sustained by defendant Freis. Upon a jury trial, a verdict upon the complaint was rendered in favor of plaintiff and against defendant Freis in the sum of $12,500 and a verdict upon the cross-complaint was rendered in favor of cross-defendant Linney and against defendant Freis. Judgment was entered accordingly and, after the denial of defendant Freis' motion for a new trial, defendant Freis appealed from said judgment.

The collison occurred at about 7 a. m. on September 20, 1941. Plaintiff was driving in a westerly direction from Oakland to San Francisco. Defendant Freis and cross-defendant Linney were driving in an easterly direction from San Francisco to Oakland. Plaintiff was at all times driving his car in the most southerly lane designated for westbound traffic, being the lane immediately north of the double white line in the center of the highway. There is a conflict in the evidence as to the exact courses taken by the cars of defendant Freis and cross-defendant Linney but all the evidence shows that immediately before the collision, defendant Freis' car crossed the double white line and collided with plaintiff's car in the lane in which plaintiff had been driving at all times. There was no claim made by any party that plaintiff had been negligent in any manner.

Plaintiff's case was presented upon the theory that the collision was caused solely by the negligence of defendant Freis. Said defendant's case was presented upon the theory that said defendant was free from negligence and that the collision was caused solely by the negligence of cross-defendant Linney. ██ The general verdict in favor of plaintiff and against defendant Freis on the complaint necessarily implied a finding by the jury of negligence on the part of defendant Freis. But as plaintiff had not sued cross-defendant Linney and as the general verdict on the cross-complaint was in favor of cross-defendant Linney and against defendant Freis, it is impossible to determine therefrom whether the jury found that cross-defendant Linney was not negligent or

that both defendant Freis and cross-defendant Linney were negligent.

Defendant Freis first contends that the evidence was insufficient to sustain the implied finding of negligence on his part. In support of this contention, defendant cites and relies upon certain language used in the opinion in *Herbert* v. *Lankershim,* 9 Cal.2d 409 [71 P.2d 220]. We are of the opinion, however, that the record before us presents ample evidence to sustain said implied finding. Defendant concedes that plaintiff established a prima facie case of negligence on the part of defendant by the uncontradicted evidence that defendant's car crossed to the wrong side of the road and there collided with plaintiff's car. (*Jolley* v. *Clemens,* 28 Cal.App.2d 55 [82 P.2d 51]; *Parker* v. *Auschwitz,* 7 Cal.App.2d 693 [47 P.2d 341]; *Trowbridge* v. *Briggs,* 140 Cal.App. 554 [35 P.2d 426]; 2 Cal.Jur. Ten-year Supp. 308.) But he refers to the testimony of certain witnesses and to a photograph showing a dent in the left rear fender of cross-defendant Linney's car claiming that said evidence was clear, positive and uncontradicted and that it established that a collision occurred between defendant's car and cross-defendant's car and that as a result of said collision, defendant's car ''was impelled across the center of the highway and into the path of plaintiff's car.'' He argues that this evidence met the standard prescribed in *Blank* v. *Coffin,* 20 Cal.2d 457 [126 P.2d 868] and that it was ''sufficient to fully meet and overcome as a matter of law the prima facie case.''

The evidence to which defendant refers indicated quite clearly that there had been at least some contact between defendant's car and cross-complainant's car before the occurrence of the collision between defendant's car and plaintiff's car. But even if it be assumed that said evidence was clear, positive and uncontradicted and that it showed that such contact caused defendant's car to cross the center of the highway and to collide with plaintiff's car, such evidence was insufficient to meet the burden cast upon defendant. Plaintiff's prima facie showing of negligence on the part of defendant cast upon defendant the burden of showing that he had driven his car across the center of the highway and on the wrong side of the road without negligence on his part. As was said in *Trowbridge* v. *Briggs,* 140 Cal.App. 554 at page 557 [35 P.2d 426], ''Herein such *prima facie* proof operated in law to cast the burden on appellants to explain that they drove

their automobile to the wrong side of the highway without want of care." Defendant attempted to meet the burden thus cast upon him by presenting evidence which tended to show that defendant was not negligent and that the contact between defendant's car and cross-defendant's car was due solely to the negligence of the cross-defendant. But the evidence upon which defendant relies was contradicted in some of its material aspects by the witness Edwards, who was called by plaintiff, and by the witnesses Beckmann and Linney, who were called by defendant. For example, the evidence was conflicting as to which of said cars swerved toward the other and as to which of said cars was passing the other. Considering all of the evidence presented upon the vital issue of alleged negligence on the part of defendant, it cannot be said that such evidence was clear, positive and uncontradicted or that it was sufficient as a matter of law to overcome the prima facie case of negligence on defendant's part. On the contrary, we are of the opinion that the record presents a situation where the question of alleged negligence on the part of defendant was esentially a question of fact for the determination of the jury and that the implied finding of the jury that defendant was negligent is supported by substantial evidence.

Defendant Freis further contends that the trial court abused its discretion in denying his motion for a new trial, which motion was made upon the ground of newly discovered evidence. The alleged newly discovered evidence consisted of a written statement made by the witness Edwards shortly after the accident occurred. Defendant claimed that said written statement was at variance in one particular with the testimony given by the witness upon the trial. We find no material variance between the written statement and the testimony of the witness and therefore find no abuse of discretion on the part of the trial court in denying the motion for a new trial but, in any event, it has been held that where the alleged newly discovered evidence merely tends to impeach the testimony of a witness of an adverse party it is "insufficient on appeal as the basis of review of a motion for a new trial." (*Waer* v. *Waer*, 189 Cal. 178, 181 [207 P. 891]; see, also, *Hanton* v. *Pacific Electric Ry. Co.*, 178 Cal. 616 [174 P. 61]; *Smith* v. *Schwartz*, 14 Cal.App.2d 160 [57 P.2d 1386]; *Van Horn* v. *Pacific Refining Co.*, 27 Cal.App. 105 [148 P. 951]; 20 Cal.Jur. 98.)

Defendant Freis finally contends that the trial court committed prejudicial error in the giving and refusing of certain instructions.

■ The trial court gave an instruction which read: "It is part of the duty of the operator of a motor vehicle to keep his automobile always under control so as to avoid collisions with other persons using the public highways. He has no right to assume that the road is clear, but under all circumstances and at all times must be vigilant and expect the presence of others." The first sentence of this instruction is criticized upon the ground that while the law places upon the operator of a vehicle the duty to use ordinary care at all times, the law does not place upon such operator an absolute duty, regardless of the amount of care exercised, to avoid collisions with others. We believe that the wording of the first sentence of the instruction may be justly criticized. While the same instruction was before the court in *Meyers* v. *Bradford,* 54 Cal.App. 157 [201 P. 471], the attack there was levelled at the "last part of the instruction." The facts of that case are not set out in detail in the opinion but it appears the collision between defendant's car and plaintiff's car occurred on a rainy night at the intersection of two heavily travelled highways in a residence district in Sacramento. The court held that the instruction "did not invade the province of the jury" saying that it demanded the "proper attitude" of an operator and that "The basis of the instruction is that in the enjoyment of a common right the participant must exercise constant care that the correlative right of others may not be unnecessarily impaired or destroyed." The court further stated that "the instructions were full and accurate as to the doctrine of negligence."

Since the decision in *Meyers* v. *Bradford, supra,* similar instructions have been attacked upon the ground which is the basis of defendant's criticism. In *Hilton* v. *Carey,* 41 Cal.App. 2d 375 [106 P.2d 944], where the substance but not the exact language of the challenged instruction· is set forth in the opinion, the court said: "The rule as thereon set forth does· not, as argued by appellants require a driver to exercise such control over his vehicle as to absolutely avoid all collisions. If there could be any doubt as to the validity of the instruction it was amply cured by other related instructions given." (See, also, *Butcher* v. *Thornhill,* 14 Cal.App.2d 149 [58 P.2d 179] ; *Schatte* v. *Maurice,* 116 Cal.App. 161 [2 P.2d 489].)

And in *Angelo* v. *Esau,* 34 Cal.App.2d 130 [93 P.2d 205], the court considered a criticism directed particularly at the first sentence of the instruction saying that it was a "plausible contention" that said sentence was tantamount to telling the jury that a driver must *"at all times and under all circumstances avoid a collision of his car with another."* The court discussed *Meyers* v. *Bradford, supra,* and then said, "While in its literal construction the language used in this instruction may be in some sort ambiguous, all the instructions given must, of course, be read together . . . ," and that ". . . it is entirely clear that the proper construction of the language under consideration is that it is descriptive of the *attitude* which the law expects the driver of a motor vehicle to have, that is, the effort he is required to make to avoid collisions, and that it is not at all intended to suggest or state that he is always or necessarily responsible for results."

We have discussed this instruction at some length for the reason that despite the fact that it has been frequently attacked, the trial courts have continued to give it without changing its wording. Standing alone, the first sentence of the instruction may reasonably be construed as placing upon the operator of a vehicle the absolute duty to avoid collisions with others. All possibility of such construction could be obviated by changing the first sentence by the addition of the words "to use ordinary care" so that said first sentence would read: "It is part of the duty of the operator of a motor vehicle *to use ordinary care* to keep his automobile always under control so as to avoid collisions with other persons using the public highways." We believe that the making of such change would avoid the frequent attacks made upon said instruction in the appellate courts.

But here, as in the authorities cited, we find no prejudicial error in the giving of said instruction. The jury was fully instructed upon the subject of negligence. The trial court instructed the jury on the definition of negligence; that plaintiff affirmatively alleged in his complaint that defendant Freis negligently operated his automobile; that the "affirmative of the issues must be proved by a preponderance of the evidence"; that "the affirmative here is upon plaintiff . . . as to all affirmative allegations of the complaint"; and that in order to impose liability upon the defendant, "his negligence must have been the proximate cause of plaintiff's . . . injuries." Reading all of the instructions together, it

appears impossible that the jury could have understood that there was any absolute duty on defendant to avoid a collision and it appears certain that the jury must have understood that in order to impose liability upon defendant, it must have been shown by a preponderance of the evidence that he failed in his duty to exercise ordinary care.

■ The trial court also gave an instruction, the correctness of which is not challenged, on the right of plaintiff to assume that other users of the highway, including defendant, would obey the law and exercise ordinary care. The only objection made to the giving of said instruction is that "it singles out plaintiff as the sole recipient of its benefit and appellant as the only victim of its penalty." But defendant did not request any similar instruction with respect to defendant's rights and may not now complain because a correct instruction was given with respect to plaintiff's rights. This is particularly true in the present case as it was not alleged by any party that plaintiff had been negligent.

■ The trial court also gave instructions on damages and defendant contends that the trial court committed prejudicial error therein. The alleged error consisted of giving instructions covering elements of damage upon which defendant claims there was no evidence or upon which defendant claims the evidence was lacking in figures so that the jury had no basis for computing plaintiff's loss. These elements included damage to plaintiff's car, damage by reason of loss of time and damage by reason of the expense of medical and hospital care. We find no prejudicial error in the giving of the challenged instructions. Plaintiff was seeking redress against defendant Freis and, in turn, defendant Freis was seeking redress against cross-defendant Linney. The instructions on damages covered generally the damages which both plaintiff and defendant had alleged they had sustained. These instructions commenced with an instruction reading: "If you find that either the plaintiff or cross-complainant is entitled to recover, you may award him such damages, within the amounts claimed, as in your opinion will compensate him for the pecuniary damages *proved to have been sustained by him* and proximately caused by the wrong complained of." Under the instructions, it cannot be assumed that the jury included in its award any sums for elements of damage which plaintiff had not proved that he had sustained.

■ The trial court instructed the jurors to the effect that if they had gathered from any source the impression that any insurance company was interested in the case, they must entirely discard the same from their minds in arriving at a verdict. Defendant concedes that insurance had been mentioned in the voir dire examination and that the above mentioned instruction contained a correct statement of the law. Defendant complains that he did not request said instruction but that it was requested by plaintiff. The record does not disclose that plaintiff requested said instruction but, in any event, we find no error in the giving thereof under the circumstances.

■ Defendant requested several formula instructions specifying in varying terms certain conditions under which the jury should return a verdict in favor of defendant. He now complains of the refusal of the trial court to give several of said requested instructions but we find no error in such refusal. As above indicated, the jury was fully instructed on the subject of negligence. In addition and by way of formula instructions, the trial court, at the request of defendant, instructed the jury as follows on defendant's theory that the negligence of cross-defendant Linney was the sole proximate cause:

"If the accident in question was caused solely and proximately by reason of the carelessness and negligence of the cross-defendant James F. Linney, your verdict will be against the plaintiff O. G. Anderson as to his complaint and in favor of Charles Freis on his cross-complaint and against the cross-defendant James F. Linney for such damages, if any, as you may find from a preponderance of the evidence that the cross-defendant (sic) Charles Freis sustained as a result of the accident.

"If you find from a preponderance of the evidence in this case that the cross-defendant James F. Linney carelessly and negligently operated his automobile at the time and place alleged in the cross-complaint of Charles Freis, you will award the cross-complainant Charles Freis such damages, if any, on said cross-complaint as he may have sustained by reason of said carelessness or negligence on the part of said cross-defendant, provided that he, the cross-complainant Charles Freis, was not contributorily negligent."

The given instructions sufficiently covered defendant's theory of the case and it was not necessary for the trial court

to give the further formula instrucions requested by defendant.

The judgment is affirmed.

Nourse, P. J., and Dooling, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 20, 1943. Schauer, J., voted for a hearing.