[Civ. No. 13511.   First Dist., Div. One.   Dec. 5, 1947.]

PERRY V. MARTIN, Appellant, v. HELEN E. NELSON et al., Respondents.

J. Adrian Palmquist and Nathan G. Gray for Appellant.

Lewis N. Mitchell and Appelbaum & Mitchell for Respondents.

WARD, J.—This is an appeal in a personal injury action from a judgment after a jury verdict. In his opening brief plaintiff states that the two errors claimed on appeal are based exclusively on instructions to the jury.

On the evening of the accident plaintiff was driving an automobile westward on the upper deck of the San Francisco-Oakland Bay Bridge, which has six vehicle lanes. He was driving in the inner lane for westbound traffic. Defendant driver was proceeding in the opposite direction, in the inner lane for eastbound traffic. Plaintiff testified that he was driving at a speed of approximately 35 miles an hour. Suddenly he became aware that an automobile about two car lengths ahead of him, and traveling eastward, had crossed the center double line for traffic on the bridge into the lane in which he was traveling. A collision resulted.

The following instruction was given: "You are further instructed that any violation of the provisions of the Vehicle Code of the State of California to be read to you shortly is presumptively an act of negligence and conclusively so until rebutted by evidence that it was justifiable or excusable under the circumstances." It is argued that the above instruction cast upon plaintiff the burden of proving that defendants'· presumptive act of negligence in driving on the wrong side of the road was not justifiable or excusable. Instructions covering Vehicle Code provisions applying to driving on the right side of a roadway, driving on roadways laned for traffic, passing vehicles proceeding in opposite directions and the duty to give signals were given. (Veh. Code, §§ 525, 526, 527, 544, 546, 671.)

The proper conduct of a reasonable person may be regulated by statute. It is true that in an action resulting in injury and damage to person or property, a violation of a statute is in effect a showing of negligence. (*Mora* v. *Favilla,* 186 Cal.

199 [199 P. 17].) Plaintiff contends that such negligence is negligence *per se,* or, in other words, negligence as a matter of law. The latest expression by the Supreme Court on this subject is that proof of a violation of a statute pertinent and applicable to the facts of the case on trial creates a prima facie showing of negligence. A presumption of negligence arises from the prima facie showing, which must be rebutted by evidence that the violation was justifiable or excusable. (*Satterlee* v. *Orange Glenn School Dist.,* 29 Cal.2d 581 [177 P.2d 279]; *Trowbridge* v. *Briggs,* 140 Cal.App. 554 [35 P.2d 426]; *Parker* v. *Auschwitz,* 7 Cal.App.2d 693 [47 P.2d 341]; *Anderson* v. *Freis,* 61 Cal.App.2d 159 [142 P.2d 330]; *Jolley* v. *Clemens,* 28 Cal.App.2d 55 [82 P.2d 51].)

■ The burden of proving justification or excuse is a factual question which ordinarily must be met by the alleged violator of the statute. When the violation is caused by some independent force over which the violator had no control the violation is excused. (See cases cited in *Satterlee* v. *Orange Glenn School Dist., supra,* p. 589.) Defendants offered evidence in rebuttal tending to prove that a third car going in the same direction had hit theirs on the right side and hooked into their right rear fender or bumper; that the impact forced defendants' car over the center double line and that this caused the collision between the plaintiff's and defendants' cars. The defense did not claim that plaintiff was negligent but that the carelessness and negligence of the driver of the eastbound car which drove defendants' car over into the lane for westbound traffic was not only the cause but the sole proximate cause of the accident. The claim that no instruction was given to the effect that it was the duty of the defendants to go forward to escape the application of the rule heretofore set forth, is without merit. The defendants not only went forward but assumed the burden of proving that an independent cause for which they were not responsible and over which they had no control justified and excused their being on the wrong side of the road.

A highway patrol officer testified that "He [plaintiff] told me he was headed west next to the double line, going about 35 miles an hour as traffic was very heavy, and he believed he saw a side-swipe accident in the eastbound lanes, immediately following which a car crossed the double line and hit him head-on. He had no opportunity to apply the brake or even swerve, it happened too fast." This testimony was

admitted without objection and without limitation. Assuming that the language in the instruction plaintiff refers to as number 5 could have been improved upon and made clearer to the jury, still there is no claim that the jury was misled or that the evidence was insufficient to sustain the verdict.

The second assigned error is that instruction number 5 was a legal contradiction of an instruction referred to as number 3, namely, "Negligence is not presumed, but must be proven." That instruction is a correct statement of the law. The burden of proving negligence is on the party alleging negligence. (*Michener* v. *Hutton,* 203 Cal. 604 [265 P. 238, 59 A.L.R. 480].) In submitting proof to sustain the allegations of the complaint there was no presumption that defendants were on the wrong side of the road. That step in the proof of negligence was a burden upon plaintiff, without which, in the absence of other proof of negligence, plaintiff's case would fail. In view of the necessity of giving instruction number 5 as applicable to the particular facts of this case, there might have been added to instruction number 3— "except as hereafter indicated"—or some similar language to make it easier for a layman to understand. The above instructions numbers 3 and 5 are not inconsistent and there is nothing in the record to indicate that the jurors were confused.

Plaintiff does not contend that there was any error in refusing instructions presented by him. The claim that the instructions mentioned were prejudicially contradictory is without merit. There was no offer to clarify either instruction number 3 or number 5, or a request that an instruction should have been given covering Code of Civil Procedure, sections 1959, 1961. (See, also, *Ramos* v. *Service Bros.,* 118 Cal.App. 432 [5 P.2d 623], *Mecham* v. *Crump,* 137 Cal.App. 200 [30 P.2d 568].) When the facts of this case are analyzed and each instruction considered with other instructions it appears that a miscarriage of justice did not occur. The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.