[Civ. No. 3760. Fourth Dist. May 13, 1949.]

A. LEVY & J. ZENTNER COMPANY (a Corporation), Appellant, v. BRUGETTI ICE COMPANY et al., Respondents.

Edward L. Kellas, Breckinridge Thomas and Lamberson & Thomas for Appellant.

John D. Chinello for Respondents.

MUSSELL, J.—This is an appeal from a judgment in an action for damages for negligence in the storage of frozen shrimp.

On May 28, 1946, plaintiff delivered to defendants at their place of business in Fresno, and defendants accepted for storage, 5,000 pounds of frozen shrimp in 100 cases of 50 pounds each, to be stored and kept by defendants in a frozen state and delivered to plaintiff on order. The shrimp was packed in cases of soft corrugated cardboard and each case contained 10 waxed cardboard cartons, each contained 5 pounds of shrimp frozen in a solid block,

Plaintiff sold 99 cases, so stored, to various customers and during a period of approximately eight weeks after May 28, 1946, about 31 cases were withdrawn from storage, delivered to purchasers and were by them found to be in good condition. After August 1st, 1946, customers complained that the shrimp delivered to them was discolored, gave off a strong offensive odor when thawed and was unfit for human consumption. It was then found that 3,450 pounds, or 69 cases, were spoiled and unmarketable.

It is contended by plaintiff that the shrimp was in good condition and fit for human consumption when stored with defendants; that 3,450 pounds were returned to plaintiff

by defendants in a spoiled condition and that it was the duty of defendants to account for this condition in some manner consistent with the exercise of due care on their part.

Defendants operated the cold storage plant in a building approximately 60 by 75 feet, which on the inside was divided into three storage rooms, with lockers and storage space. The refrigerant was driven by means of fans through coils in each room and there was testimony by defendants that the temperature was kept below 10 degrees above zero during all of the time that plaintiff's shrimp was stored in the plant.

Herman Rempel, a chemist, testified on behalf of plaintiff that bacteria are always present in shrimp; that as soon as they are frozen, bacterial action will be arrested and stopped, and they will be in the condition in which they were frozen until rethawed again; that if frozen shrimp is discolored to a brown or blackish color and gives off a strong odor when thawed, "that indicates that products of decomposition are present" and, "if the color has definitely changed, and if the bacteria content is high, it would not be fit for human consumption"; "that at 23 above, certain types of bacteria could grow and cause decomposition; but below that they would not"; that if a package of shrimp is opened and decomposition found beyond the point where they are fit for human consumption, either the shrimp were not fresh when originally frozen, or, after originally frozen, temperatures were not maintained at a point where bacterial decomposition was arrested; that simply by opening the package of shrimp and finding it unfit for human consumption, by reason of bacterial development, does not lay any foundation or basis or means for saying whether or not the shrimp was fresh when originally frozen, or whether the development occurred after freezing; that one of two things would be true; either the bacterial development had progressed to that point when originally packed, or temperatures were above 20 degrees for a long period of time.

The manager of plaintiff's Fresno office testified that the shrimp in question was ordered from Levy-Zentner, San Francisco, and was obtained from the Gulf states. There was no evidence as to when it was originally harvested, by whom, or whether "quick frozen" within 24 hours of harvesting. Likewise there was no evidence as to when it was frozen, or as to how long it had been in storage before being shipped to San Francisco. There was evidence that shrimp of other owners was stored in defendants' plant during the time in

question, and under similar conditions, and was kept in good condition.

The trial court found that the shrimp in question was not in good or usable condition, fit for human consumption, when delivered to defendants, and also found that defendants were not negligent in the operation of their plant. These findings are supported by substantial evidence and cannot be disturbed. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689] ; *Swales* v. *Barr,* 83 Cal.App.2d 291, 295 [188 P.2d 516].) ▇ The complaint charged defendants with negligence and the burden was therefore upon plaintiff to prove actionable negligence on the part of defendants. (*Martin* v. *Nelson,* 82 Cal.App.2d 733, 736 [187 P.2d 78].) Plaintiff failed to show that the temperature maintained at defendants' plant during the time the plaintiff's shrimp was there stored was such as to cause the damage complained of, and the evidence produced by defendants was that the proper temperature was maintained at all times. ▇ The trial court visited defendants' plant at the request of counsel for both parties and made an examination of the various storage rooms and premises prior to his decision, and while such an examination may have been of no evidentiary value in determining the temperature maintained during the storage period, the court may well have considered the character of defendants' equipment to properly preserve frozen foods, and we assume that what he saw supports his findings in this respect. (*Estate of Sullivan,* 86 Cal. App.2d 890, 895 [195 P.2d 894].)

If we assume, as is contended by plaintiff, that defendants were warehousemen, their liability is not as insurers, but they are liable only for a failure to exercise ordinary care. (*Scott's V. F. Exchange* v. *Growers Refrig. Co.,* 81 Cal.App.2d 437, 445 [184 P.2d 183].) ▇ Plaintiff contends it was only necessary to prove that the shrimp was in good condition when stored, but was unfit for human consumption when removed, in order to make out a prima facie case of negligence. But where, as here, the plaintiff failed to prove that when delivered the shrimp was in good condition, this contention cannot be maintained.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied June 10, 1949.