[Civ. No. 18239.   Second Dist., Div. Two.   Apr. 11, 1951.]

DONALD WAYNE HICKSON et al., Respondents, v. JIMMIE BEITEL et al., Appellants.

Russell H. Pray and William C. Price for Appellants.

Ball, Hunt & Hart and Clarence S. Hunt for Respondents.

McCOMB, J.—This appeal is from a judgment in favor of plaintiffs after trial before a jury in an action to recover damages for personal injuries suffered by two minor children while riding as guest passengers in an automobile driven by their mother which came into collision with an automobile owned by defendants.

*Facts*: The mother of plaintiffs was driving north next to the double center line on Atlantic Avenue in Compton approaching the intersection with San Vicente Street. Atlantic Avenue is a main through street 70 feet in width with marked lanes indicated by a painted double white center line and single broken lines to either side. The four lanes were of concrete paving, each approximately 10 feet in width. San Vicente, running east and west, was paved with "black top" and was 40 feet in width.

As Mrs. Hickson approached the intersection she slowed down to approximately 25 miles an hour. When about 300 feet south of the intersection she commenced to signal for a left turn by holding out her left arm. This signal she continued until she reached the corner. At this time she observed defendants' car southbound in the lane just west of the double center line. There was an automobile stopped at the intersection in the southbound lane. As Mrs. Hickson crossed over the double white line defendants, driving at about 55 miles per hour, swerved around the stopped southbound car and struck Mrs. Hickson's automobile causing personal injuries to the minor plaintiffs.

■ *Questions*: First: *Was there substantial evidence to support the jury's implied finding that defendants were negligent and that such negligence was a proximate cause of the accident?*

*Yes.* The evidence being viewed in the light most favorable to respondents discloses that defendant Jimmie Beitel, while driving in traffic at a speed of from 55 to 60 miles an hour, swerved around a car stopped at the intersection and hit the car driven by Mrs. Hickson which was already in the intersection.

Clearly such evidence supports the finding of the jury that defendants were negligent and that their negligence was the proximate cause of the accident.

■ Second: *Did the trial court err in refusing to instruct the jury as follows?*

"If you should find from the evidence that a party to this action conducted himself or herself in violation of Section 551 (a) of the California Vehicle Code, just read to you, you are instructed that such conduct constituted negligence as a matter of law."

The question is immaterial in the present appeal for the reason that the jury found against Mrs. Hickson and in favor of defendants so far as her claim was concerned. Since the foregoing instruction was applicable only to Mrs. Hickson's alleged cause of action and the jury found against her, defendants were not prejudiced by the failure to give the instruction and this court must disregard the error, if it be such, under article VI, section 4½ of the Constitution.

■ Third: *Did the trial court err in instructing the jury as follows?*

"Conduct which is in violation of Vehicle Code sections 529 and 551 just read to you constitutes negligence *per se*. This means that if the evidence supports a finding, and you do find, that a person did so conduct himself, it requires a presumption that he (or) (she) was negligent. However, such presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence. In this connection, you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induce him, without moral fault, to do otherwise."

*No.* Whether or not a violation of a statute proximately contributed to an accident or whether the violation was excusable or justifiable are questions of fact except where the court is impelled to say that from the facts reasonable men could draw only the inference that the negligence of the violator contributed to the accident. (*Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, 590 [177 P.2d 279].)

In view of the fact that evidence in the instant case disclosed that defendant Jimmie Beitel passed another car on his right which was stopped at the intersection and an accident immediately ensued, the jury was properly advised of the provisions of section 529 of the Vehicle Code;* also that violation thereof was negligence *per se* which created a presumption of negligence that was not conclusive.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

---

*Section 529 of the Vehicle Code reads as follows:

"When overtaking on the right is permitted. (a) The driver of a motor vehicle may overtake and pass to the right of another vehicle only under the following conditions:

"(1) When the vehicle overtaken is making or about to make a left turn.

"(2) Upon a city street with unobstructed pavement of sufficient width for two or more lines of vehicles in each direction.

"(3) Upon a one-way street.

"(4) Upon any highway outside of a city with unobstructed pavement of sufficient width and clearly marked for four or more lines of moving traffic.

"(5) Upon a highway divided into two roadways where traffic is restricted to one direction upon each of such roadways.

"(b) The driver of a motor vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the paved or main-traveled portion of the roadway.

"(c) The provisions of this section shall not relieve the driver of a slow moving vehicle from the duty to drive as closely as practicable to the right-hand edge of the roadway."