[Civ. No. 20414.   First Dist., Div. Two.   July 12, 1963.]

JOSEPH SOZZI et al., Plaintiffs and Respondents, v. JOHN
    MICHAEL GULL et al., Defendants and Appellants.

Dunne, Bledsoe, Smith, Phelps, Cathcart & Johnson, Robert A. Seligson and Joseph W. Rogers, Jr., for Defendants and Appellants.

F. Campagnoli for Plaintiffs and Respondents.

KAUFMAN, P. J.—Respondents, Joseph and Lena Sozzi, individually and as guardians *ad litem*, filed this action for personal injuries sustained by their minor daughter, Angelina, and for the wrongful death of another daughter, Mary. The girls were riding as guests in an automobile owned and operated by Angelina's fiancé, Donald T. McGinity. The McGinity Mercury was involved in a collision with a 1946

Ford owned by the appellant, John W. Gull, and operated with his permission by his minor son, the appellant, John M. Gull. McGinity was originally named as a defendant but subsequently dismissed by nonsuit, as there was no evidence of wilful misconduct (Veh. Code, § 17158). Thereafter, the jury returned a verdict in favor of the plaintiffs. On this appeal from the judgment entered on the verdict, appellants' assignments of error are that the trial court: (1) improperly refused their proffered instruction based on former section 544, subdivision (a), of the Vehicle Code; (2) excluded certain evidence; and (3) communicated with the jury while they were deliberating, contrary to sections 613 and 614 of the Code of Civil Procedure.

The accident occurred about 8:25 a.m. on May 8, 1956, on U.S. Highway 40 at the entrance to the Nut Tree restaurant near Vacaville. The highway is a straight, level four-lane road with a 30-foot divider strip between the east and westbound lanes. There is a break in the divider strip to permit cars to cross the highway, with walnut trees on both sides of the opening and the divider strip. The McGinity Mercury was headed toward Sacramento in the innermost eastbound lane, the Gull Ford toward Benicia in the outermost westbound lane. McGinity testified that he pulled into the opening of the divider strip across from the restaurant entrance to make a left turn. He waited for several minutes until after four or five cars had passed. He did not see any other vehicle and proceeded across the westbound lanes at 5-15 miles an hour. Just as he entered the outermost westbound lane, the girls made statements wondering when the Gull vehicle was going to stop.

Appellant, J. M. Gull, testified that he was driving about 50-55 miles per hour when he suddenly saw the McGinity vehicle about 100-150 feet away pull across the lane in front of him. He put on his brakes and turned his car 2 feet to the left but was unable to avoid the collision. He was familiar with the area. There were no other vehicles close to him as he approached the restaurant. The investigating officer subsequently established the point of impact at 4 feet north of the line dividing the westbound lanes, approximately in the center of the entrance to the Nut Tree. The Mercury was damaged on the right rear fender; the Ford on the front end. The speed limit in the area was 55 miles per hour.

The first contention on appeal is that the trial court erred in refusing appellants' proffered instruction based on

234

former section 544, subdivision (a) of the Vehicle Code,[1] now section 22107. Appellants contend that the trial court's failure to give this instruction was prejudicial error. We do not agree. The record indicates that the jury was properly instructed on the rights and duties of the respective drivers (*Mack* v. *Valley Motor Lines, Inc.*, 191 Cal.App.2d 38 [12 Cal.Rptr. 314]). The disputed instruction is based on the alleged duties of McGinity. However, as indicated above, the court granted a nonsuit as to McGinity, so that only the negligence of the appellants was in issue. ■ Even assuming that McGinity was negligent, his negligence cannot be imputed to the respondents (*Arthur* v. *Santa Monica Dairy Co.*, 183 Cal.App.2d 483 [6 Cal.Rptr. 808]) and does not in any way relieve the appellants of their concurrent negligence (*Edwards* v. *Freeman*, 34 Cal.2d 589 [212 P.2d 883]). ■ Thus, the proposed refused instructions would have added nothing to the conclusion arrived at by the jury. It may have tended to show the negligence of McGinity but would not have relieved the appellants from the negligence found against them. As McGinity's negligence was not in issue, the refusal, under the circumstances, was harmless. (*Formosa* v. *Yellow Cab Co.*, 31 Cal.App.2d 77 [87 P.2d 716]).

■ Appellants further argue that the trial court erred to their prejudice by excluding certain evidence. The record indicates that on cross-examination, appellant testified that if he had turned his 1946 Ford further to the left to avoid the accident, the car would have tipped over and gone out of control. Appellants then sought to corroborate this by the testimony of Mr. Ulrich, an automobile mechanic. The court sustained an objection on the ground of assuming a fact not in evidence. We think the trial court's ruling was proper.

■ It is in the discretion of the trial court to determine whether expert testimony on an issue is warranted and the exercise of this discretion will not be disturbed on appeal unless it is clear that the court's ruling worked an injury (*Burke* v. *City & County of San Francisco*, 111 Cal.App.2d

[1]The instruction reads as follows: ''You are instructed that Section 544(a) of the Vehicle Code of the State of California, in force and effect at the time of the happening of this accident, provided as follows: 'TURNING MOVEMENTS AND REQUIRED SIGNALS. (a) No person shall turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided herein in the event any other vehicle may be affected by such movement.' ''

314 [244 P.2d 708]). ■ Furthermore, it is improper to receive opinion evidence on questions of ultimate fact which should be decided by the jury. Whenever the question of ultimate fact to be determined is the result of common experience, opinion evidence thereon is inadmissible (*Weaver* v. *Shell Co.*, 34 Cal.App.2d 713 [94 P.2d 364]).

■ Appellants next argue that the trial court erred in refusing to admit certain evidence of conversations between the plaintiffs and McGinity concerning the facts of the accident. Appellants argue that because the verified complaint alleged that McGinity was operating the vehicle in a negligent manner in violation of the Vehicle Code, it was proper to permit McGinity to testify as to the substance of his conversations with Angelina and her mother after the accident. The trial court properly refused to permit counsel to inquire into these conversations.

■ Appellants also contend that the trial court erred in refusing to allow them on cross-examination to ask Angelina why McGinity asked the occupants of his vehicle if the highway was clear before proceeding across. The record indicates that Angelina denied that this question was asked, while McGinity indicated otherwise; and that McGinity testified that he looked and saw no other vehicles before proceeding across the westbound lanes. There is no merit in this contention as the motive or intention of a person for doing or not doing something is immaterial (*Byrne* v. *Reed*, 75 Cal. 277 [17 P. 201]) and the scope of cross-examination is within the discretion of the trial court (Code Civ. Proc., §§ 2044, 2048). We see no abuse of discretion here.

■■ The final contention on appeal is that the trial court erred in communicating with the jury several times while they were deliberating and without advising counsel. The record reveals the following occurrences: "THE COURT: Mr. Reporter, let the record show that the Bailiff has just informed me that the jury want to know where the Defendant Gull was when he first observed the car of McGinity. I advised him that Plaintiffs' Exhibit No. 1, the map that was offered in this case, that G-1 indicates where Mr. Gull was when he first observed McGinity's car.

"(Later) THE COURT: Mr. Reporter, the Bailiff advises me that the jury now want to know whether or not, if McGinity was found to be negligent, whether the plaintiffs in this car are responsible or charged with that negligence, and I have advised him to tell them 'no, they are not.'

"(Later) THE COURT: Mr. Reporter, the Bailiff has advised me that the jury want to inquire—want to know what Captain Williams meant by 'reaction time of three-quarters of a second.' And I advised them that three-quarters of a second meant the time when the Defendant Gull first observed the car of McGinity, that it would take him three-quarters of a second before he would start to apply the brakes, and so forth."

Appellants contend that this admitted departure from the procedure prescribed by sections 613 and 614 of the Code of Civil Procedure is prejudicial error. Appellants' contention is based on the affidavits of five jurors filed in support of their motion for a new trial, and contend that the case is governed by the rule of *Nelson* v. *Southern Pacific Co.*, 8 Cal.2d 648 [67 P.2d 682]. The affidavits in question aver that in each instance, the bailiff answered the question and did so erroneously. The trial court struck the affidavits of the jurors. The affidavits were properly excluded. Our Supreme Court recently reaffirmed the long standing rule that the affidavits of jurors may not be used to impeach their verdict (*Sopp* v. *Smith*, 59 Cal.2d 12 [27 Cal.Rptr. 593, 377 P.2d 649]) except to show that the verdict was reached by lot or chance or that bias or disqualification of a juror was concealed by a false answer on *voir dire* (*Smith* v. *Shankman*, 208 Cal.App. 2d 177, 184 [25 Cal.Rptr. 195]). As to appellants' arguments relating to the court's repetition of Captain Williams' testimony relating to reaction time, the record reveals discrepancies. The record in the instant case indicates that the answers of the court to the questions were a correct statement of the evidence and law. The rule is well settled that even though a violation of sections 613 and 614 of the Code of Civil Procedure is error and irregular, it is not reversible error when, as in this case, it is not prejudicial (*Chambers* v. *Southern Pac. Co.*, 148 Cal.App.2d 873 [307 P.2d 662]).

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 4, 1963.